Scileppi, J.
 

 Defendant appeals from a judgment adjudicating him a youthful offender upon his plea of guilty to acts, which, if committed by an adult, would constitute the crime of reckless endangerment in the second degree.
 

 Firstly, for the reasons stated in the majority opinion at the Appellate Division
 
 (People
 
 v.
 
 Dwight S. [Anonymous],
 
 33 A D 2d 1032), there is no merit whatsoever to appellant’s claim that his prior conviction for reckless driving requires the conclusion that he was placed in double jeopardy by the prosecution of the youthful offender information. Consequently, we have limited our comments to the question whether appellant has been unlawfully deprived of a right to a jury trial.
 

 After appellant had been indicted for reckless endangerment in the first degree, he executed a consent to consideration for youthful offender treatment and to a nonjury trial. The District Attorney thereafter filed a youthful offender information and appellant unsuccessfully moved to dismiss on ground of double jeopardy. Bather than submit to a trial, appellant pleaded guilty to a reduced charge and was subsequently sentenced to an unconditional discharge. Belying upon this court’s decision in
 
 People
 
 v.
 
 Michael A. C.
 
 (27 N Y 2d 79), appellant argues that a reversal is mandated because he was deprived of his right to a jury trial. We disagree. In
 
 Michael A. C.,
 
 sections 913-g and 913-h of the Code of Criminal Procedure were held unconstitutional, insofar as they required a defendant to consent to a nonjury trial before he could be considered eligible for youthful offender treatment. At issue was not whether the
 
 *175
 
 consent was involuntary, but whether the State could constitutionally exact the choice. It was concluded that since the defendant was charged with an offense deemed serious under
 
 Duncan
 
 v.
 
 Louisiana
 
 (391 U. S. 145), he had a right to a jury trial which could not be forfeited because he wished youthful offender treatment
 
 (People
 
 v.
 
 Michael A. C.,
 
 27 N Y 2d 79, 86-87,
 
 supra).
 
 The court was, however, quick to add in
 
 People
 
 v.
 
 Jerome C.
 
 (27 N Y 2d 79, 87, decided as a companion case to
 
 Michael A. C.),
 
 that the scope of the rule then declared would be limited to those situations where the
 
 Duncan
 
 rationale would obtain. Thus, since the Supreme Court had decided in
 
 DeStefano
 
 v.
 
 Woods
 
 (392 U. S. 631, 633-635) that
 
 Duncan
 
 would only apply to those trials commenced after May 20, 1968, we sustained the youthful offender adjudication in
 
 Jerome C.
 
 because his trial had commenced some two months prior to that date
 
 (People
 
 v.
 
 Jerome C.,
 
 27 N Y 2d 79, 88,
 
 supra).
 
 This was so even though
 
 Jerome’s
 
 actual adjudication did not occur until after
 
 Duncan
 
 had been decided. In the case before us both the guilty plea and the adjudication took place after May 20, 1968. It is, however, significant that as with
 
 Jerome C.,
 
 appellant herein consented to nonjury youthful offender treatment at a time when there was no right to a jury trial. Thus, this case does not fall within the ambit of
 
 Duncan
 
 and we conclude that the rule announced in
 
 Michael A. G.
 
 has no application to the matter at bar.
 

 Apart from this problem of retroactivity, we note that in
 
 McKeiver
 
 v.
 
 Pennsylvania
 
 (403 U. S. 528) the Supreme Court recently sustained the rationale adopted by this court in
 
 Matter of D (Daniel)
 
 (27 N Y 2d 90, app. dsmd. cert. den. 403 U. S. 926), holding that the Sixth Amendment does not require jury trials in juvenile delinquency proceedings.
 
 Michael A. C.,
 
 of course, involved a youthful offender adjudication. Appellant herein is not in an analogous position. He pleaded guilty. Inasmuch as a plea of guilty is, under prior decisions of our court, a waiver of all trials, jury and nonjury alike, it is our view that appellant may not now be heard to complain that he was denied the right to trial by jury. As we recently wrote in
 
 People
 
 v.
 
 Lynn
 
 (28 N Y 2d 196, 201-202): “ A plea of guilty
 
 ‘
 
 is more than a confession which admits that the accused did various acts; it is itself a conviction [and] nothing [else]
 
 *176
 
 remains but to give judgment and determine punishment ’
 
 (Boykin
 
 v.
 
 Alabama,
 
 395 U. S. 238, 242). Evidencing, as it often does, a certain trial strategy, it bespeaks of the defendant’s intention not to litigate the question of his guilt, and necessarily involves the surrender of certain constitutional rights, including the right to confrontation, the privilege against self incrimination and the right to trial by jury
 
 (Brady
 
 v.
 
 United States,
 
 397 U. S. 742;
 
 McMann
 
 v.
 
 Richardson,
 
 397 U. S. 759;
 
 Matter of D.
 
 [Daniel], 27 N Y 2d 90). ’ ’ Additionally, in
 
 Matter of D. (Daniel)
 
 (27 N Y 2d 90, app. dsmd., cert. den. 403 U. S. 926,
 
 supra),
 
 we were faced with the question whether a person alleged to be a juvenile delinquent, who pleads to the allegations of a delinquency petition, may nevertheless raise the claim that he was entitled to a jury trial. Answering that question in the negative, we observed that, as with the case of adults who plead guilty in criminal cases, the effect of a plea is a waiver of trial by jury
 
 (id.,
 
 at pp. 97-98). Amplifying, we said that:
 
 “
 
 Respondent in the instant case was in a position similar to the defendant in
 
 People
 
 v.
 
 Reyes
 
 (26 N Y 2d 97) where we recently said (at p. 100) that a ‘ defendant after being informed that he has a right to a hearing [on his addiction to narcotics who] freely admits his addiction with the aid of counsel, * * * is in effect stating that no judicial inquiry is necessary and, therefore, it is irrelevant whether that inquiry would have been made with or without a jury ’.”
 

 Accordingly, since there has been no showing that the plea was coerced, the judgment appealed from should be affirmed.
 

 Judges Breitel, Jasen and Gibson concur with Judge Scileppi; Chief Judge Fuld and Judges Burke and Bergan dissent and vote to reverse on the dissenting opinion at the Appellate Division.
 

 Judgment affirmed.