Irving Lang, J.
This motion to dismiss a three-and-a-half-year-old indictment highlights the all too frequent mishandling of cases where a defendant has more than one indictment pending against him. Once again a court is confronted with conflicting affidavits by reputable defense and prosecuting attorneys concerning purported agreements, informally arrived at, with no support for respective positions in the court record.
In 1972 the defendant Joseph Gandhi and a codefendant, Edward Rackley, had two indictments pending against them. In Indictment No. 412/72 they were charged with murder and robbery: In Indictment No. 773/72 they were charged with robbery and other crimes.
Gandhi and Rackley went to trial on the murder indictment in October of 1973 and were convicted of manslaughter and robbery. On December 3, 1973, each defendant was sentenced to 810-25 years on the manslaughter conviction and 0-15 years on the robbery convictions, those sentences to run concurrently. On June 26, 1975, the convictions were affirmed by the Appellate Division, New York State Supreme Court, First Judicial Department (48 AD2d 1014).
Meanwhile, Indictment No. 773/72 hibernated in a judicial limbo, occasionally appearing on a court calendar only to be adjourned to its normal dormant state.
Now, almost four years after the date of the alleged crime, the defendant moves for a dismissal of Indictment No. 773/72 on the grounds that he has been denied his constitutional and statutory rights to a speedy trial "under the Sixth and Fourteenth Amendments to the United States Constitution and Section 30.20 of the Criminal Procedure Law and Section 12 Civil Rights Law.”
The District Attorney advances two contentions in opposition: first, that under CPL 30.30 (subd 4, par [a]) the period from December 3, 1973, until June 26, 1975, during which the homicide conviction was being appealed, must be excluded *233 from any time lag between indictment and trial; and, secondly, that the defendant consented to all adjournments until June of 1975 and thereby waived his right to a speedy trial.
The District Attorney’s first argument is based on his interpretation of CPL 30.30 (subd 4, par [a]) which provides as follows: "4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: (a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court” (emphasis supplied).
The District Attorney asserts that the word appeals in this tolling statute means that during the time the defendant appealed his homicide conviction, the People were not required to proceed on the robbery case.
While there are no reported cases on this issue, any rational interpretation of the word "appeals” in CPL 30.30 (subd 4, par [a]), especially in the light of statutory (CPL 450.10, subd 1; 460.20) and constitutional rights to appeal to our higher courts, indicates that the word "appeals” refers to appeals from preconviction proceedings and motions and not appeals from a judgment of conviction in an unrelated case. To take an extreme example, assume that a defendant was convicted of disorderly conduct and at the same time had a homicide indictment pending. Under the District Attorney’s reasoning, if the defendant appealed the disorderly conduct conviction to the Appellate Term of the Supreme Court (as of right) and to our Court of Appeals (discretion) and perhaps to the Supreme Court of the United States, a process which might take years, he would thereby forego his right to a speedy trial on the homicide indictment. Indeed under the District Attorney’s reasoning, it would not even matter if the defendant was in custody during this period. It is apparent that CPL 30.30 (subd 4, par [a]) excludes from speedy trial computations those situations where it is legally or practically difficult, if not impossible, to commence a trial. Thus a defendant cannot be tried if he is being examined to determine his competency to stand trial, or if he is found to be incompetent to stand trial. He cannot be tried if a Judge has to determine whether to *234 suppress vital evidence. He cannot be tried while on trial in another case. And although pretrial decisions and orders in criminal cases are generally interlocutory and nonappealable, there are pretrial appeals (such as from a denial of habeas corpus on a bail issue) which would inevitably delay the commencement of a trial and should not be chargeable to the People. To put it simply, the District Attorney’s interpretation of the statute in question would render it unconstitutional. When a court is faced with varying interpretations of a statute, one of which creates an absurd unconstitutional result, the other being reasonable and legal, the option is obvious (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c).
The District Attorney’s claim under CPL 30.30 (subd 4, par [a] ) is therefore rejected.
The second argument urged by the District Attorney is that the defendant consented to the adjournment and thereby waived his right to a speedy trial (see CPL 30.30, subd 4, par [b] ). In order to understand this contention we must examine the respective affidavits of counsel herein. Defendant’s counsel asserts that he was assigned to both indictments at the same time early in 1972, that he never prepared the instant indictment for trial since the prosecution indicated that it would try the murder case first, and that after the murder conviction the District Attorney stated that if the homicide conviction were affirmed he would dismiss the robbery case. It was only on the basis of the purported promise to dismiss the robbery in the event of appellate affirmance of the homicide that defense counsel consented to various adjournments of the instant case for 18 months. Thus, although denoted a "speedy trial” motion, the defendant’s attorney is in reality seeking specific performance of a purported pretrial agreement. Since the decision to prosecute rests within the discretion of the District Attorney (Matter of McDonald v Sobel, 272 App Div 455, affd 297 NY 679; People ex rel. Lindgren v McGuire, 151 App Div 413), this agreement is capable of enforcement by a court (Santobello v New York, 404 US 257; People v Santobello, 39 AD2d 654; cf. People v Selikoff, 35 NY2d 227).
However, there can be no enforcement under Santobello since the District Attorney denies that any such agreement was made. He contends that what occurred was a "good faith misunderstanding on the part of defense counsel * * * [but] * * * absolutely incorrect.” Rather the District Attorney as *235 serts that "a wait and see attitude was adopted.” He does agree that there were discussions about a plea to a reduced charge with a concurrent sentence. He does agree that there were discussions about the possibility of the District Attorney moving to dismiss Indictment No. 773-1972 or joining in such a motion made by the defense. Thus, concludes the affidavit of the trial assistant, "No definite decision was made nor agreement made concerning the disposition” of Indictment No. 773-1972.
At the heart of this motion is the factual disagreement ' between opposing counsel. Informally made and without judicial participation, important facts are now disputed. The lack of judicial participation and the apparent nonappearance and participation of the defendant throughout the adjournment process for 18 months are particularly significant since the court might not have granted a continuance even on consent.
CPL 30.30 (subd 4, par [b]) excludes consent adjournments from its speedy trial provisions only if the court "is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges.” (Emphasis supplied.)
The right to a speedy trial may, of course, be waived (People v Dwight S., 29 NY2d 172). Suffice it to say that the defendant’s constitutional and statutory rights to a speedy trial will not be deemed to have been waived on "good faith misunderstandings” informally conducted outside of the court record, while the defendant is in State’s prison. I find, therefore, that there was no waiver by meaningful consent of the defendant’s statutory and constitutional rights to a speedy trial (Johnson v Zerbst, 304 US 458; People v White, 32 NY2d 393).
It has consistently been held that it is the duty of the State to move a case for prosecution; a defendant has no duty to bring himself to trial (People v Prosser, 309 NY 353; Barker v Wingo, 407 US 514; People v Winfrey, 20 NY2d 138; People v Winter, 18 Misc 2d 205; People v Minicone, 28 NY2d 279). The element of prejudice is "presumed from excessive delay” (People v Winter, supra, p 216; People v Blakley, 34 NY2d 311).
It is particularly important for prosecutors to move swiftly when a defendant has multiple indictments pending against him. As a general rule, within the bounds of fundamental fairness a prosecutor should have the right to choose which of several cases he should try first. However, once having tried one indictment with its attendant and inevitable lapses of *236 time, it is essential that any untried indictments be moved expeditiously. In the instant case, for example, while "only” 18 months are chargeable to the People, the fact remains that the robbery charge has been pending against the defendant for almost four years.
Indeed, all of this controversy could have been and should have been avoided. When a defendant has been convicted on one charge and has another pending, the untried case should be put on the calendar at the time of sentence. If the untried indictment cannot be disposed of by plea, the District Attorney should announce his position as to whether he intends to try the undisposed-of case. If he will try the case regardless of the outcome of an appeal, the prosecutor should ask the court for a trial date. If the prosecutor decides that he will not prosecute in the event of an affirmance, he should announce his position in open court in the presence of counsel and the defendant. A consent under those (or other) circumstances to an adjournment should be expressed by the defendant and his counsel in open court. Finally, the court must acquiesce to any arrangements which could result in prolonged delays.
One wonders why the District Attorney is now so anxious to prosecute this indictment after the defendant’s 25-year sentence was affirmed on appeal,* and while there are scores of untried indictments where the defendant has been in jail for more than one year.
That, however, is a prosecutorial decision for which the court will ordinarily not substitute its judgment — except, as in the instant case, where the defendant’s statutory and constitutional rights to a speedy trial have been violated.
The defendant’s motion to dismiss the indictment is granted.

 The codefendant Rackley pleaded guilty to a reduced charge and received a seven-year sentence to run concurrently with the homicide sentence. Apparently the defendant turned down the same "deal”.