■ The People of the State of New York, Respondent, v Howard Boyd, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered July 21, 1983, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, and petit larceny, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied his motion to suppress the complainant's proposed identification testimony. We disagree. The People met their burden of going forward to establish the reasonableness of the police conduct and the lack of suggestiveness of the procedures used and the defendant did not then prove that the photographic identification procedures were unduly suggestive *(see, People v Ludwigsen,* 128 AD2d 810, *lv denied* 69 NY2d 1006).

The defendant also contends that his statutory and constitutional rights to a speedy trial were violated. On or about June 21, 1983, the defendant served a *pro se* motion on the People

raising the speedy trial issue. While the People served a response, there is no indication in the record that this motion was ever filed with the court for judicial disposition. Moreover, during the plea colloquy on June 29, 1983, and the subsequent sentence proceeding on July 21, 1983, no mention of the motion was made. Under these circumstances, we find that the issue has not been properly preserved for review by this court (see, People v Adams, 38 NY2d 605).

In any event, by pleading guilty, the defendant waived any alleged violation of his statutory right to a speedy trial under CPL 30.30 (see, People v O'Brien, 56 NY2d 1009). Further, were we to reach the issue, we would find the defendant's claimed violation of his constitutional right to a speedy trial to be without merit (see, People v Watts, 57 NY2d 299; People v Taranovich, 37 NY2d 442). Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.