■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EUGENE COOMBS, Also Known as EUGENE COMBS, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered September 26, 1983, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to a speedy trial. He forfeited any claim on the issue of his statutory right to a speedy trial (CPL 30.30) at the time he entered his plea of guilty *(cf., Matter of Christopher F.,* 126 AD2d 975), and any claim that he was deprived of his constitutional right to a speedy trial (US Const 6th Amend; CPL 30.20) would be without merit *(People v Taranovich,* 37 NY2d 442).

The defendant further contends that the acceptance of his plea was improper under *North Carolina v Alford* (400 US 25). Through his failure to raise his objections as to the adequacy of his plea allocution or to move to vacate his plea prior to sentencing, the defendant has waived his right to object to the adequacy of his plea allocution on appeal. A reading of the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and with an understanding of its consequences. Prior to the imposition of sentence he was afforded an opportunity to go to trial, but this offer was rejected. Therefore, the plea should be upheld *(see, People v Thomas,* 133 AD2d 867).

The defendant's contention that he was improperly sentenced as a second felony offender is without merit. His prior conviction had been affirmed on direct appeal and this fact was brought out by his counsel during sentencing. Under the circumstances, the defendant may not now be heard to challenge the same underlying prior felony on this appeal (CPL 400.21).

We have reviewed the defendant's other contentions, including the assertion that his sentence was excessive, and find them to be without merit. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.