■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAX LEWIS, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence, viewed in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), established beyond a reasonable doubt that defendant knowingly and unlawfully sold heroin to an undercover police officer *(see,* Penal Law § 220.39 [1]; *People v Berry,* 128 AD2d 715; *People v Jozic,* 120 AD2d 841, 842, *lv denied* 68 NY2d 669). We have considered defendant's remaining claims and find that each one lacks merit. (Appeal from judgment of Erie County Court, Wolfgang, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN L. MITCHELL, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: Defendant was convicted after a nonjury trial of second degree assault, resisting arrest and disorderly conduct. Defendant contends that he involuntarily waived his right to a jury trial because the prosecutor impermissibly exercised a peremptory challenge to exclude the sole black juror *(see, Batson v Kentucky,* 476 US 79). Defendant established a prima facie case that the prosecutor exercised his peremptory challenge in a racially discriminating manner *(see, People v Knight,* 134 AD2d 845) and the prosecutor failed to proffer a satisfactory impartial explanation for his peremptory challenge. Defendant's waiver of a jury trial was not voluntary since the record reveals that the waiver was coerced by defendant's belief that he could not be fairly tried by an all-white jury.

Because a new trial is required, we do not address the remaining issues raised by defendant. (Appeal from judgment of Onondaga County Court, Auser, J.—assault, second degree, and other charges.) Present—Callahan, J. P., Boomer, Green, Pine and Davis, JJ.