THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE GREEN, Appellant.

Fourth Department, April 14, 1989

## APPEARANCES OF COUNSEL

*Helen W. Zimmerman (Kristin Preve* of counsel), for appellant.

. *Kevin M. Dillon, District Attorney (J. Michael Marion* of counsel), for respondent.

## OPINION OF THE COURT

LAWTON, J.

Presented as an issue of first impression is the question whether a defendant who timely objects to the allegedly discriminatory use of peremptory challenges by the prosecutor *(see, Batson v Kentucky,* 476 US 79) foregoes his right to raise this issue on appeal after he enters a plea of guilty. We hold that he does.

After the conclusion of jury selection, defense counsel advised the court that defendant desired to accept the plea offered by the People. Before the plea allocution, however, defense counsel moved for a mistrial based on the prosecutor's allegedly discriminatory use of his peremptory challenges to exclude all black venire persons from the jury. Defendants made out a prima facie case of discrimination and the court required the prosecutor to provide racially neutral reasons for his challenges *(see, People v Scott,* 70 NY2d 420, 423). The prosecutor set forth his reasons and the court denied the motion. Defense counsel, based on the court's ruling, then indicated that defendant wished to accept the People's plea offer.

During the plea allocution, defendant was fully advised by the court that, by pleading guilty, he was waiving his constitutional rights to confrontation and to trial by jury and his privilege against self-incrimination. Defendant stated that he knew and understood the rights he was waiving and was doing so voluntarily and of his own free will. Defendant, though unwilling to admit the underlying facts of the crime charged, stated that he was knowingly entering his plea to the lesser charge of attempted rape in the first degree in order to limit the possible penalty he would face if convicted at trial.[1] The court, after again querying defendant whether he understood the consequences of the plea, accepted his *Alford* plea *(see, North Carolina v Alford,* 400 US 25).

At sentencing, defendant moved to withdraw his guilty plea on the grounds that he had not understood the consequences of his plea; that he had been led to believe that he could withdraw his plea at any time prior to sentencing; and that he was under stress when he pleaded guilty. The court denied

---

1. Defendant was charged with rape in the first degree (two counts) (Penal Law § 130.35 [1]; § 20.00), sodomy in the first degree (Penal Law § 130.50 [1]; § 20.00), unlawful imprisonment (Penal Law §§ 135.10, 20.00) and robbery in the second degree (Penal Law § 160.10 [1]).

defendant's motion and sentenced him in accordance with the plea bargain to a minimum of 1½ years' and a maximum of 4½ years' imprisonment.

In *People v Prescott* (66 NY2d 216, 219-220, *cert denied* 475 US 1150), after reviewing cases dealing with the issue of what rights survive a guilty plea, Judge Simons concluded that "[t]here is no mechanical rule that establishes" which claims will be deemed forfeited by a guilty plea. Issues that have been held to survive a guilty plea are those which relate to the exercise of jurisdiction by the court or to the knowing or voluntary nature of the plea *(see, People v Thomas,* 74 AD2d 317, 319-320, *affd* 53 NY2d 338). Additionally, certain constitutional rights have been held to survive a plea: the right to a speedy trial *(People v Blakley,* 34 NY2d 311, 314);[2] the competency of a defendant to stand trial *(People v Armlin,* 37 NY2d 167); a claim of double jeopardy *(Menna v New York,* 423 US 61); and the constitutionality of the statutes deemed to be violated *(Haynes v United States,* 390 US 85). Numerous other rights of both constitutional and nonconstitutional dimension, however, have been held not to survive, including: the right to trial by a jury *(Duncan v Lousiana,* 391 US 145); the right to confrontation *(Pointer v Texas,* 380 US 400); the alleged unconstitutional presumption in a statute *(People v Thomas,* 53 NY2d 338, *supra);* an allegation of selective or vindictive prosecution *(People v Rodriguez,* 55 NY2d 776); or a challenge based on allegedly discriminatory composition of the Grand Jury *(People v Siciliano,* 40 NY2d 996, *rearg denied* 41 NY2d 901, *appeal dismissed* 430 US 980).

When a defendant asserts a *Batson* claim, he contends that he has been deprived of a trial by a properly constituted jury. Such claim does not relate to the exercise of jurisdiction by the court or to the knowing or voluntary nature of the plea *(see, People v Thomas, supra,* at 319-320). Defendant's *Batson* claim does, however, raise issues of constitutional dimension, to wit, defendant's Sixth Amendment right to a trial by jury and his Fourteenth Amendment right of equal protection of the law.

Defendant, by pleading guilty, specifically waived his right to any trial, either jury or nonjury *(see, People v Dwight S.,* 29 NY2d 172, 175-176; *People v Lynn,* 28 NY2d 196, 201-202). Further, as stated in *People v Di Raffaele* (55 NY2d 234, 240),

---

2. A statutory speedy trial claim, however, is waived by a guilty plea *(see, People v O'Brien,* 56 NY2d 1009, 1010).

"where defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial *(People v Lynn,* 28 NY2d 196, 201)." A guilty plea is itself a conviction and all that remains is to give judgment and determine punishment *(see, Boykin v Alabama,* 395 US 238, 242). By pleading guilty, a defendant indicates his intent not to litigate the question of his guilt and surrenders his constitutional rights to confrontation and trial by jury and his privilege against self-incrimination *(see, People v Taylor,* 65 NY2d 1, 5; *People v Lynn, supra,* at 201-202). The purpose of the plea is to end the criminal case and it is not meant to serve as a "gateway" to additional litigation *(see, People v Prescott,* 66 NY2d 216, 219, *supra; People v Taylor, supra,* at 5).

Defendant chose not to go to trial and thereafter challenge the constitutional sufficiency of the jury selection, but rather accepted a plea bargain, thus "eliminating the risks of conviction on a greater charge or more severe sentence" *(People v Prescott, supra,* at 220). Defendant's *Batson* rights are no greater than his right to a jury trial itself, which, as previously stated, is waived by a guilty plea *(see, Duncan v Louisiana,* 391 US 145). Defendant's *Batson* claim is thus subsumed within the waiver of his right to a trial and does not survive his guilty plea *(see generally, People v Dwight S.,* 29 NY2d 172, *supra; People v Siciliano,* 40 NY2d 996, *supra; People v Di Raffaele,* 55 NY2d 234, *supra; People v Rodriguez,* 55 NY2d 776, *supra).* Defendant's unilateral attempt to preserve this issue at trial is insufficient to evade the consequences of his guilty plea *(see, People v Mack,* 53 NY2d 803, 806).

Defendant also contends that his *Batson* motion should be treated in the same manner as the denial of a suppression motion, which survives the plea. This contention is without merit because defendant's right to challenge a suppression ruling after pleading guilty is a specific exception created by statute (CPL 710.70 [2]) that should not be judicially expanded *(see, People v Thomas,* 53 NY2d 338, 343-344, *supra).*

A different result is not mandated by this court's recent decision in *People v Mitchell* (145 AD2d 967). In *Mitchell* we held that defendant's waiver of a jury trial was not voluntary, but rather was compelled by defendant's belief

that he could not receive a fair trial from the all white jury which resulted from the prosecutor's purposeful discrimination in exercising a peremptory challenge to exclude the sole black juror. Defendant in *Mitchell* denied his guilt and objected only to the mode of trial. In the present case, by pleading guilty defendant knowingly and voluntarily conceded the question of his guilt and waived his right to a trial in exchange for the benefit gained from the plea bargain. We have reviewed defendant's other contentions and find them to be without merit.

Accordingly, the judgment of conviction should be affirmed.

CALLAHAN, J. P., DENMAN and PINE, JJ., concur.

Judgment unanimously affirmed.