■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BOYCE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered October 15, 1986, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On September 22, 1986 the defendant appeared in the Supreme Court, Kings County, and pleaded guilty to the crime of grand larceny in the second degree. The defendant's attorney stated, with the concurrence of the Assistant District Attorney, that the plea was not intended to constitute a waiver of the defendant's right to appellate review of a prior order of the Supreme Court, which had vacated a previously entered plea of guilty under the same indictment. The court then imposed a prison sentence which is lengthier than that which had been agreed to in connection with the previous plea.

The defendant's subsequent plea of guilty, upon which the judgment appealed from is based, constituted a forfeiture of his right to appellate review of the earlier order of the Supreme Court which vacated his prior guilty plea (see, People v Guerrero, 140 AD2d 456). Furthermore, the defendant's attempt to preserve the right to appellate review of this issue is of no effect (see, People v O'Brien, 56 NY2d 1009, affg 84 AD2d 567; People v Howe, 56 NY2d 622). If the defendant wishes to withdraw his subsequent plea of guilty on the basis that it was induced by a mistaken belief that he had preserved his right to appellate review of this issue, the proper procedure is by way of postjudgment motion (see, People v O'Brien, supra; People v Montanus, 90 AD2d 992). We do not choose to exercise our interest of justice jurisdiction in the particular circumstances of this case (cf., People v Thomas, 74 AD2d 317, 326, affd 53 NY2d 338). Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.