■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAYLOS CALAMESE, Also Known as CARLOS CALAMEASE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered March 5, 1984, convicting him of robbery in the first degree (four counts) and unlawful imprisonment in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Agresta, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony, and the denial, after a hearing (Di Tucci, J.), of the defendant's motion to dismiss the indictment on speedy trial grounds.

Ordered that the judgment is affirmed.

The defendant's contentions that the hearing court erred in denying those branches of the omnibus motion which were to suppress physical evidence and identification testimony have been addressed and rejected by this court on his codefendants' appeals *(see, People v Brown,* 147 AD2d 651; *People v Finley,* 145 AD2d 434). The defendant has not raised any arguments which would require a different result.

We further find that contrary to the defendant's contention he was not denied his right to a speedy trial *(see,* CPL 30.20). Although the defendant was incarcerated for the 20-month period between his arraignment and trial, this concern is outweighed in this case by, among other things, the seriousness of the charges, the extent of the adjournments occasioned by the defense and the absence of any showing that the defense was impaired by reason of the delay *(see, People v Imbesi,* 38 NY2d 629; *People v Taranovich,* 37 NY2d 442). In this regard it should also be noted that this case involved three defendants, at least two of whom resided in Detroit, who robbed five victims in New York, were arrested in New Jersey and who presented an alibi defense involving witnesses from Connecticut. Under these circumstances, the 20-month delay in bringing the case to trial did not deprive the defendant of his right to a speedy trial. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.