■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPETON GOODEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered March 1, 1985, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant in this case made a pretrial motion to dismiss the indictment on both statutory and constitutional speedy trial grounds (US Const 6th, 14th Amends; CPL 30.20, 30.30; Civil Rights Law § 12; *see also, Klopfer v North Carolina,* 386 US 213, 222-224; *People v Taranovich,* 37 NY2d 442, 444-445). On appeal, the defendant continues to assert that the indictment should be dismissed on these grounds. For the following reasons, the defendant's arguments must be rejected.

The defendant's speedy trial argument, to the extent that it is based on statutory rather than constitutional provisions, is beyond the scope of appellate review as a matter of law by virtue of his plea of guilty. The well-recognized general rule is that a plea of guilty operates as a forfeiture of the defendant's right to appellate review of all nonjurisdictional defects in the criminal proceeding *(e.g., People v Fernandez,* 67 NY2d 686, 688; *People v Prescott,* 66 NY2d 216, 220; *People v Taylor,* 65 NY2d 1, 5). A violation of a defendant's statutory speedy trial rights is not a jurisdictional error in the sense that it may be raised for the first time on appeal *(see, People v Cedeno,* 52 NY2d 847, 848; *People v Lieberman,* 47 NY2d 931, 932; *see also, People v Udzinski,* 146 AD2d 245), nor is it a jurisdictional error in the sense that it may survive a guilty plea. Thus, "[w]hen the defendant entered a plea of guilty he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30" *(People v O'Brien,* 56 NY2d 1009, 1010, citing *People v Suarez,* 55 NY2d 940; *see also, People v Coombs,* 138 AD2d 619, 620; *Matter of Christopher F.,* 126 AD2d 975).

The Court of Appeals has stated, however, that a defendant's plea of guilty does not automatically operate as a forfeiture of his right to claim, on appeal, that he was deprived of his constitutional right to a speedy trial (CPL 30.20; *see, People v Taylor,* 65 NY2d 1, 5, *supra; see also, People v Pelchat,* 62 NY2d 97, 108; *People v Blakley,* 34 NY2d 311, 314; *People v Wallace,* 26 NY2d 371; *People v Chirieleison,* 3 NY2d 170). The People argue, nevertheless, that the defendant's constitutional speedy trial argument is beyond the scope of

appellate review because the defendant, at his plea allocution, expressly withdrew his application for a hearing in connection with the pretrial motion in which this argument had been raised. The People thus rely on the doctrine of waiver, which is to be distinguished from the doctrine of forfeiture.

It has been held that "the constitutional right to a speedy trial is one that may be surrendered" *(People v Rodriguez,* 50 NY2d 553, 557; *cf., People v Seaberg,* 74 NY2d 1, 9). However, there is also authority for the proposition that this constitutional right may not properly be surrendered by a defendant who is acting under duress in the context of a negotiated plea agreement. In *People v Blakley* (34 NY2d 311, 315, *supra),* for example, the Court of Appeals stated, "we hold that a reduced plea conditioned upon a waiver of a [constitutional] speedy trial claim must be vacated" (citing *People v White,* 32 NY2d 393 [waiver of constitutional speedy trial claim invalid where it was "coerced" as part of a plea agreement]). However, a review of subsequent case law discloses that the court's holding in *People· v Blakley (supra)* has not been extended beyond the particular facts presented in that case; it has been repeatedly held that a defendant may waive a constitutional speedy trial claim, even when that waiver is made as part of his plea agreement *(see, e.g., People v Harris,* 103 AD2d 891; *People v Galante,* 91 AD2d 690). Thus, the defendant's constitutional speedy trial argument has been waived.

Appellate review of the defendant's statutory and constitutional speedy trial claims is foreclosed for an additional reason. By withdrawing his request for a hearing, the defendant precluded the development of a factual record sufficient to establish any merit to his claims *(cf., People v Fernandez,* 67 NY2d 686, 688; *People v Charleston,* 54 NY2d 622, 623). The lack of an adequate appellate record alone would warrant affirmance, even if the doctrines of waiver and forfeiture were inapplicable *(cf., People v Donovon,* 107 AD2d 433, 440-441). Based on what little factual information is contained in the defendant's motion papers, we find no conclusive proof that the defendant's statutory or constitutional speedy trial rights were violated *(cf., People v Friscia,* 51 NY2d 845).

The defendant also argues, on appeal, that dismissal of the indictment is necessary because the prosecution failed to comply with the time limitations set forth in the Interstate Agreement on Detainers (CPL 580.20). This argument has also been forfeited by virtue of the defendant's plea of guilty *(see, People v Cusick,* 111 AD2d 251; *People v Vidal,* 85 AD2d 701). Furthermore, it does not appear that this argument was

raised in the defendant's pretrial motion, and thus appellate review of it is barred by the doctrine of preservation as well. While this issue was raised on a postjudgment motion made pursuant to CPL article 440, the denial of that motion by the Supreme Court is not before us on this appeal from the judgment of conviction. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.