OPINION OF THE COURT
Memorandum.
The order appealed from should be affirmed essentially for the reasons stated by Justice John F. Lawton at the Appellate Division (146 AD2d 281) and in People v Prescott (66 NY2d 216, cert denied 475 US 1150), People v Taylor (65 NY2d 1) and People v Siciliano (40 NY2d 996).
"A guilty plea generally represents a compromise or bargain struck after negotiation between defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation.” (People v Taylor, 65 NY2d 1, 5, supra.) Exceptions to this principle have been limited (People v Prescott, 66 NY2d 216, 219-220, supra; People v Taylor, supra [and cases cited in each]).
We all agree completely with the policy considerations that warrant remedying and ending Batson violations in the selection of trial juries (Batson v Kentucky, 476 US 79; see also, People v Kern, 75 NY2d 638 [decided today]; People v Jenkins, 75 NY2d 550 [decided today]; People v Hernandez, 75 NY2d 350; People v Scott, 70 NY2d 420). Those important considerations would not be served by a reversal of the order of the Appellate Division in this guilty plea case or by an abandonment of the precedents providing guidance in this area of the law.
The assertion of a Batson violation based on the prosecutor’s exercise of peremptory challenges in this case, followed by a guilty plea, does not fit into any of the accepted exceptions and does not qualify as a new one. By pleading guilty instead of going to trial, the defendant waived all of his trial rights and thus necessarily surrendered his right to challenge *905 on appeal any alleged trial errors. The claimed Batson violation is a trial matter which is part of the jury trial right itself. Inasmuch as we have held that the whole jury trial right may be waived (People v Dwight S., 29 NY2d 172, 175-176), . there is no basis in law or logic for permitting one component of the plenary right to survive a guilty plea.
The proffered rationale for reversal in the dissent, on the other hand, would erect a test based on what may be deemed "important,” "fundamental” or "fair” at a given time. This would not provide a reasoned basis for distinction as to which exceptional and limited issues survive a guilty plea.
The order affirming the judgment of conviction of attempted rape in the first degree must be affirmed.