■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BALDWIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 6, 1987, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In a pretrial motion to dismiss the indictment, the defendant argued that he had been deprived of his right to a speedy trial. This part of the defendant's motion was based on statutory provisions (CPL 30.30) as well as constitutional provisions (US Const 6th, 14th Amends; CPL 30.20; *Klopfer v North Carolina,* 386 US 213). In order to induce the People to agree to the proposed plea bargain, the defendant expressly agreed to waive appellate review of both his statutory and his constitutional speedy trial arguments.

With respect to his claim that his statutory speedy trial rights were violated, the defendant's express waiver was redundant, since his plea of guilty operated as an automatic forfeiture of his right to appellate review of this issue (see, *People v O'Brien,* 56 NY2d 1009, 1010; *People v Gooden,* 151 AD2d 773; *People v Green,* 146 AD2d 281, 283, n 2, *affd* 75 NY2d 902; *People v Coombs,* 138 AD2d 619, 620; *People v Boyd,* 133 AD2d 641, 642; *People v James,* 125 AD2d 412). While a constitutional speedy trial claim is not similarly subject to an automatic forfeiture, it may be the subject of an express waiver (see, *People v Rodriguez,* 50 NY2d 553, 557; *People v Gooden, supra,* at 774; *People v Harris,* 103 AD2d 891; *People v Galante,* 91 AD2d 690). There was no duress exerted in this case and the defendant's waiver was voluntary, so that the exception to this general rule reflected in cases such as *People v Blakley* (34 NY2d 311) and *People v White* (32 NY2d 393) does not apply (see, *People v Gooden, supra,* at 774; *cf., People v Green,* 146 AD2d 281, 283, *supra).* The waiver should therefore be enforced.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.