■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SUTTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 21, 1989, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the appeal is dismissed.

At the time of his plea, the defendant personally acknowledged that he understood that he had waived "any and all rights to appeal that he ordinarily would have". He now appeals, claiming that his constitutional right to a speedy trial was violated. He also claims that his waiver of all forms of appellate review "that he ordinarily would have" should not be extended to this claim. We disagree.

The Court of Appeals and this court have both recognized the waivability of a constitutional speedy trial claim (see, People v Rodriguez, 50 NY2d 553, 557; People v Baldwin, 162 AD2d 603; People v Gooden, 151 AD2d 773; People v Galante, 91 AD2d 690; see also, People v Harris, 103 AD2d 891). A waiver will ordinarily be enforced. Such a waiver will not be enforced only where the record on appeal demonstrates that it was made under duress by a defendant whose only alternative was to face a trial whose fundamental fairness was compromised as a result of the delay (see, People v Blakley, 34 NY2d 311; People v White, 32 NY2d 393; see also, People v Seaberg, 74 NY2d 1). In the present case, the defendant correctly concedes that prejudice was not articulated with specificity, and it is evident that the fairness of the impending trial was in no way impaired as a result of prosecutorial delay at the time that the defendant pleaded guilty.

The defendant's waiver of his right to appeal is, therefore, enforced and the appeal is dismissed (see, People v Seaberg, supra). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.