■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS NILSEN, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered August 17, 1988, convicting him of robbery in the first degree, robbery in the second degree, and robbery in the third degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated January 9, 1991, which denied his motion to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

At the time of his guilty plea, the defendant's attorney expressly withdrew all undecided motions, including his pending motion to dismiss the indictment on constitutional speedy trial grounds. It was not necessary for the defendant to repeat the words of his attorney in order for those words to be given effect (see generally, People v Moissett, 76 NY2d 909). There being no proof that the waiver of the constitutional speedy trial claim was coerced (cf., People v Blakely, 34 NY2d 311, 315), the defendant's waiver should be enforced (see, People v Rodriguez, 50 NY2d 553, 557; see also, People v Sutton, 175 AD2d 272; People v Baldwin, 162 AD2d 603; People v Gooden, 151 AD2d 773, 884; People v Harris, 103 AD2d 891; People v Galante, 91 AD2d 690).

Further, the court did not err in denying without a hearing the defendant's motion to vacate the judgment of conviction. This motion was based on an apparent discrepancy between certain testimony given by a prosecution witness who testified before the Grand Jury which later indicted the defendant, on the one hand, and certain unsworn information contained in a subsequent report by the Federal Bureau of Investigation (hereinafter FBI) on the other. There is absolutely no proof that the Assistant District Attorney knowingly procured false

testimony. Also, the discrepancy in question relates to a collateral issue. The evidence before the Grand Jury was sufficient to support the indictment without the testimony with respect to which the supposed discrepancy exists. Furthermore, the content of the FBI report in question is not in any way exculpatory. Assuming that the arguments advanced by the defendant in his postjudgment motion survived his guilty plea *(see, People v Pelchat,* 62 NY2d 97; *People v Ortiz,* 127 AD2d 305), we conclude that those arguments are wholly without merit *(see, People v Goetz,* 68 NY2d 96, 116-117; *cf., People v Pelchat, supra).* Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.