OPINION OF THE COURT
Antonio I. Brandveen, J.
The jury convicted the defendant of grand larceny in the fourth degree. The defendant moved to dismiss the indictment. He alleged the indictment was fatally defective because there was perjured testimony presented to the Grand Jury.
The Grand Jury heard the case on September 17, 1991 and *160 indicted the defendant two days later. The prosecutor contended that on September 15, 1991, at about 2:30 a.m., the defendant grabbed Lester Mayers. The prosecution asserted the defendant pointed a boxcutter to Mayers’ neck, demanded money and took Mayers’ wallet containing identification and other personal property.
Detective Pabon told the Grand Jury he went to the defendant’s girlfriend’s apartment, and arrested the defendant. Detective Pabon also testified that while he was in the apartment, he recovered the complainant’s wallet, a boxcutter and clothing allegedly worn by the defendant during the crime.
The prosecutor discovered for the first time, a few days before trial, that Detective Pabon did not recover the wallet, its contents and a boxcutter. Instead a neighbor, Julio Ortiz, recovered these items in the apartment, and he gave these items to Detective Pabon a short time after the defendant’s arrest. The prosecutor also learned the defendant gave Ortiz keys to the apartment, and Ortiz and Ortiz’s wife subsequently entered the apartment, recovered the items and gave them to Detective Pabon. When the prosecutor learned about these circumstances, the prosecutor immediately informed the court and the defense.
An indictment is presumed to be valid, and is rarely open to attack for insufficiency after a conviction. However, courts will not hesitate to exercise their power to dismiss an indictment where the integrity of the Grand Jury has been impaired, and the proceeding rendered defective by perjured testimony (see, Costello v United States, 350 US 359; People v Pelchat, 62 NY2d 97). "It is a serious matter for any individual to be charged with crime whether the charge be true or false * * * [and] it is as important to a person that he be fairly and justly accused * * * as that he be fairly and impartially tried” (People v Minet, 296 NY 315, 322-323). Indeed, indictments may be dismissed solely because they were obtained by a prosecutor who knowingly presented false evidence even when sufficient other reliable evidence existed (see, United States v Samango, 607 F2d 877; United States v Basurto, 497 F2d 781).
When a prosecutor learns of any perjury committed before the Grand Jury, the prosecutor is under a duty to immediately inform the court and defense counsel (see, United States v Basurto, supra, at 785). Here, the prosecutor immediately told the court and counsel of the falsity before trial. When this case was presented to the Grand Jury the prosecution was unaware of alleged misrepresentation. So, the People did not *161 knowingly allow this prosecution based upon false testimony. (See, People v Alexander, 136 AD2d 332, 336.)
The court must determine whether the perjured testimony was material enough to warrant dismissal or whether the remaining testimony was legally sufficient to indict the defendant. Materiality in this regard has been defined as false Grand Jury testimony regarding an element of the crime charged in the indictment.
The defendant’s definition of "material” pursuant to the Brady doctrine is misplaced. Courts have specifically defined that term in connection with Grand Jury proceedings (see, United States v Flaherty, 668 F2d 566; United States v Cathey, 591 F2d 268; United States v Levine, 700 F2d 1176; People v Llewelyn, 136 Misc 2d 525).
As the People argued, Mayers’ testimony standing alone, if accepted as true, would establish every element of the offense (cf., People v Figueroa, 167 AD2d 101). In Figueroa, the First Department indicated there was no indication when the officer testified before the Grand Jury that his testimony was indeed false. Rather, the Appellate Division stated, "there was other relevant evidence before the Grand Jury so that it cannot be said that the indictment rested solely on false evidence” (People v Figueroa, supra, at 104).
In Basurto (supra), the coconspirator’s perjured Grand Jury testimony was found to be material. There had been a change in the law which may have caused the Grand Jury to indict under a different statute which would have affected the defendant’s sentence. In addition, the prosecutor failed to notify the court as required (see, United States v Basurto, 497 F2d, supra, at 784).
Likewise, in the Pelehat case (supra), the court saw fit to dismiss the indictment where the prosecutor allowed the defendant to take a guilty plea knowing the Grand Jury testimony failed to meet legal standards. Prior to the defendant’s plea, the prosecutor had been made aware of the perjured testimony of a police officer, which had been the only evidence linking the defendant to the crime (see, People v Pelchat, 62 NY2d, supra, at 107). The matter at bar is obviously distinguishable in view of the complainant’s testimony (cf., People v Nilsen, 182 AD2d 715).
Accordingly, the defense motion to dismiss the indictment and to reverse the conviction is denied.