■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SEABROOK, Appellant. [596 NYS2d 713] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 14, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that certain allegedly improper comments made by the prosecutor during summation deprived him of a fair trial. However, the prosecutor's comments can only be fairly evaluated in comparison with the summation comments of the defense counsel (see, People v Bosmond, 154 AD2d 689). Upon review of the record, the prosecutor's remarks either constituted a fair response to the defense counsel's summation or were within the confines of the evidence (see, People v Ashwal, 39 NY2d 105, 109; People v Jones, 173 AD2d 853, 854). Therefore, the defendant was not denied his right to a fair trial.

In addition, the sentence imposed is not excessive given the defendant's criminal history and the circumstances of this case (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Bracken, Eiber and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO TAVARES, Also Known as ROBERT TAVAREZ, Appellant. [596 NYS2d 714] —Appeal by the defendant from three judgments of the Supreme Court, Queens County (Lakritz, J.), all rendered January 10, 1991, convicting him of robbery in the first degree (three counts, one as to each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

By entering his pleas of guilty, the defendant forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30 (see, People v O'Brien, 56 NY2d 1009, 1010; People v Friscia, 51 NY2d 845; People v Gerber, 182 AD2d 252, 260-261; People v Baldwin, 162 AD2d 603; People v Gooden, 151 AD2d 773). Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.