[613 NYS2d 789]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
STEVEN E. REIBLEIN, Appellant.

Third Department, June 30, 1994

**APPEARANCES OF COUNSEL**

*Timothy J. Lawliss,* Plattsburgh, for appellant.

*Penelope D. Clute, District Attorney* of Clinton County, Plattsburgh *(Catherine M. Paul* of counsel), for respondent.

**OPINION OF THE COURT**

WHITE, J.

The police investigation of a series of suspicious fires in Clinton County led to defendant, who willingly accompanied Detective James Leonard to the City of Plattsburgh Police Station. Upon arrival, defendant was placed in an interview room and given his *Miranda* rights. He then provided Leonard with incriminating oral and written statements. Defendant was arrested and subsequently indicted for various arson-related offenses. In the course of the pretrial proceedings, defendant moved to suppress his incriminating statements and served a "Notice of Intent to Proffer Psychiatric Evidence" pursuant to CPL 250.10. Following a *Huntley* hearing, County Court denied defendant's motion insofar as it related to his written statement but precluded the People from introducing defendant's oral statement due to the failure to serve a timely CPL 710.30 notice. Trial was then scheduled for April 20, 1993.

On April 17, 1993, an Assistant District Attorney, without court approval or notice to defendant's counsel, arranged to have a psychiatrist interview defendant in the County Jail. When defendant's counsel learned of this, he moved for a dismissal of the indictment and/or the appointment of a special prosecutor. Although County Court denied both motions, it did preclude the People from offering any testimony

with regard to the psychiatric interview. Thereafter, defendant entered a guilty plea to the indictment and was sentenced in accordance with the terms of a plea bargain. Defendant now appeals.

■ The initial issue to be resolved is whether by entering a guilty plea defendant waived appellate review of his arguments regarding the improper psychiatric interview. It is well established that, with limited exceptions, a guilty plea is " 'not a gateway to further litigation' " but rather marks the end of a criminal proceeding *(People v Green,* 75 NY2d 902, 904, *cert denied* 498 US 860, quoting *People v Taylor,* 65 NY2d 1, 5). Consequently, even though the right to have counsel present at a psychiatric interview is of constitutional dimensions *(see, People v Perkins,* 166 AD2d 737, 739, *lv denied* 76 NY2d 1023), that does not necessarily preclude a surrender of such right by a guilty plea *(see, People v Green,* 146 AD2d 281, 283, *affd* 75 NY2d 902, *cert denied* 498 US 860, *supra).* Therefore, inasmuch as the presence of counsel at a psychiatric examination is solely for the purpose of making more effective the right of cross-examination of the expert witness *(see, Matter of Lee v County Ct.,* 27 NY2d 432, 444, *cert denied* 404 US 823) and as the right of cross-examination is encompassed within the right of confrontation *(see, Pointer v Texas,* 380 US 400), we conclude that the right to have counsel present at psychiatric examination does not survive a guilty plea *(see, People v Taylor, supra).* We further conclude that, because a motion to disqualify a District Attorney and appoint a special prosecutor is a nonjurisdictional claim, defendant waived appellate review of this claim *(see, People v Cole,* 152 AD2d 851, 853, *lv denied* 74 NY2d 895).

■ Defendant next contends that County Court should have suppressed his written confession because it was induced by a promise. This claim is predicated upon the fact that, as Leonard was preparing to take defendant's written statement, defendant asked him "no one's going to hear about this, are they?", to which Leonard replied "not by me". The record shows that this statement was made after defendant had orally admitted setting the fires and after Leonard had told defendant that he was going to be brought before a Judge on the charges. As it is evident from the record that Leonard's remarks created no fundamental unfairness which denied due process and did not induce defendant to give a false confession, we find that his written confession was voluntary *(see, People v Tarsia,* 50 NY2d 1, 11; *People v Jordan,* 193 AD2d

890, *lv denied* 82 NY2d 756; *People v Esposito,* 191 AD2d 746, *lv denied* 81 NY2d 885).

Therefore, for these reasons, we affirm.

CARDONA, P. J., MIKOLL, WEISS and PETERS, JJ., concur.

Ordered that the judgment is affirmed.