■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MACK, Appellant. [633 NYS2d 984] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered February 17, 1994, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty, the defendant forfeited the right to claim that the prosecution was not ready for trial within the statutory time limits imposed by CPL 30.30 *(see, People v O'Brien,* 56 NY2d 1009, 1010; *People v Tavares,* 191 AD2d 524). Moreover, considering the relevant factors *(see, People v Taranovich,* 37 NY2d 442, 445), the defendant was not deprived of his constitutional right to a speedy trial *(see, People v Philip,* 205 AD2d 714; *People v Penna,* 203 AD2d 392; *People v Calamese,* 150 AD2d 474).

The sentence imposed, which was the minimum possible sentence under the circumstances *(see,* Penal Law § 70.06 [3] [d]; § 220.31), was not excessive *(see, People v Kazepis,* 101 AD2d 816). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO MATEO, Appellant. [633 NYS2d 990] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 18, 1993, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Appellate review of the issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the judgment of conviction is affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1; *see also, People v Burk,* 181 AD2d 74). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.