■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MACKENZIE, Appellant. [637 NYS2d 128] —Appeal from judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered May 18, 1993, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a prison term of not less than three and not more than six years, held in abeyance pending a hearing and decision *de novo* on defendant's motion to vacate the judgment. Order, of the same court and Justice, entered December 1, 1994, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10 in its entirety, unanimously reversed, on the law and the facts, to the extent of remanding for a hearing and *de novo* determination of the motion.

We are not persuaded by the People's argument that the trial court properly denied defendant a hearing on his motion to vacate the judgment pursuant to CPL 440.30 (4) (d) (i) and (ii). This provision, which permits a trial court to reach the merits of a post-judgment motion without a hearing, is designed to weed out manufactured claims premised on nothing more than a defendant's self-serving affidavit. In the case at bar, however, there is independent support for defendant's assertion that his guilty plea was induced by erroneous advice allegedly given by his trial counsel on the legal question of whether his statutory speedy trial claim would survive his guilty plea.

Prior to the scheduled date for imposition of sentence, defendant made a written request, later orally amplified by defense counsel, for the trial court to authorize transcription of the minutes of certain proceedings. As counsel explained, defendant desired these transcripts to assist him with a prospective appeal of the court's denial of his motion to dismiss the indictment on speedy trial grounds. This colloquy should have alerted the trial court that both defendant and his counsel may have been operating under the misapprehension that defendant could pursue his statutory speedy trial claim notwithstanding his guilty plea. Rather than inform defendant and his counsel that the law is unequivocally to the contrary, the court remarked, "my understanding of the law is that the speedy trial issue is out of the case now * * * but, the Appellate Division will have to make this decision". The court proceeded to sentence defendant in accordance with the plea bargain.

Defendant subsequently moved to vacate the judgment of conviction, alleging that he was induced to plead guilty by the erroneous advice of counsel that his statutory speedy trial claim would survive his plea, and that his plea was therefore entered unknowingly, involuntarily, unintelligently and without the effective assistance of counsel. Without reciting the statutory basis for denying defendant a hearing on the motion, the court denied the motion in its entirety after making findings of facts and drawing conclusions of law based on "[a] review of the court papers".

Under the particular circumstances here, proper determination of the motion to vacate called for a factual finding as to whether the alleged incorrect advice was indeed given. The prosecution's bare denial of the defendant's allegations was an insufficient record upon which to decide this motion summarily. Inasmuch as an essential fact was in dispute, the motion was not susceptible to decision without first conducting a hearing.

Accordingly, we hold defendant's direct appeal of his conviction in abeyance, reverse the trial court's order denying defendant's CPL 440.10 motion, and remand the matter to the trial court for a hearing on and decision *de novo* on the motion. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.