■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLL LEBRUN, Appellant. [651 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 21, 1994, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

When the defendant entered his guilty plea and waived appellate review, the court, defense counsel, and the prosecutor all erroneously concluded that he would be permitted to obtain appellate review of the denial of his statutory speedy trial motion. As the defendant now acknowledges, this reservation of appellate rights was ineffective (see, People v O'Brien, 56 NY2d 1009; People v Bundy, 186 AD2d 1042; People v Boyce, 150 AD2d 471; People v Montanus, 90 AD2d 992) as appellate review of

the denial of that motion was forfeited as a consequence of the guilty plea *(see, People v Luca,* 207 AD2d 461; *People v Tavares,* 191 AD2d 524; *People v Baldwin,* 162 AD2d 603; *People v Gooden,* 151 AD2d 773; *People v Coombs,* 138 AD2d 619).

Nevertheless, the defendant is not entitled to the vacatur of his guilty plea *(see, People v Hardy,* 187 AD2d 810, 812; *People v Boyce,* 150 AD2d 471, *supra; see also, Matter of Carney v Feldstein,* 193 AD2d 1016, 1018-1019; *People v King,* 152 AD2d 815). Having failed to move to withdraw his plea, his present contentions are unpreserved for appellate review *(see, People v Ervin,* 125 AD2d 406). The record is insufficient to establish that his decision to plead guilty was in fact predicated upon the ability to obtain appellate review of the denial of his speedy trial motion, and the defendant may now advance his claims only by way of a post-judgment motion *(see, People v Di Donato,* 87 NY2d 992, 993; *People v Hardy, supra; People v Boyce, supra; People v Montanus, supra).*

The defendant's claims of ineffective assistance of counsel likewise rest upon matters which are dehors the record and may only be raised upon a motion pursuant to CPL 440.10 *(see, People v Mackenzie,* 224 AD2d 173; *see also, People v Beach,* 225 AD2d 364; *People v Mills,* 194 AD2d 1016). Although the defendant contends that the record contains sufficient facts so as to permit review of this claim since his attorney was shown to have been incorrect on a question of law, the record does not demonstrate that his attorney's alleged ineffectiveness was responsible for or contributed to his decision to plead guilty *(see, People v Walker,* 207 AD2d 422; *see also, People v Mack,* 223 AD2d 383; *People v Lopez,* 212 AD2d 1053; *People v Bethany,* 182 AD2d 1084), nor does it establish that the order denying the defendant's speedy trial motion was erroneous. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.