Rabin, J.
This appeal requires us to decide whether a prosecutor may condition an offer to recommend a reduced plea upon the defendant’s withdrawal of his claim that his right to a speedy trial has been violated. We conclude that the nature of the speedy trial guarantee renders such a condition inherently coercive in a plea bargaining situation and that the plea so conditioned must be vacated. Having so concluded, we also reach, in the interests of judicial economy, the underlying speedy trial claim, and hold that the defendant’s right to a speedy trial has been violated and that the indictment must be dismissed.
The defendant George Blakley, Jr. (Blakley) was arrested on November 15, 1965 and indicted on January 11, 1966, for assault in the second degree (four counts) and possession of a loaded firearm. It was alleged that Blakley shot and wounded Thaddeus Young and Freddie Bryant in a parking lot in White Plains on November 14, 1965. For various reasons discussed subsequently, the case did not come to trial until February 4, 1969, almost three years and one month following the indictment. On the second day of trial, following the testimony of Young and Bryant, Blakley offered to change his plea from not guilty, to guilty to two counts of assault in the second degree.
The Assistant District Attorney questioned Blakley concerning the circumstances of his change of plea, and then said “ Before recommending acceptance of this plea, I would ask *314 [defense counsel] to withdraw any motions made heretofore by prior counsel and himself.” Blakley’s counsel agreed and the Assistant District Attorney stated “ In that case, your Honor, under the cicumstances, upon examination of the file and in the interest of justice, we recommend acceptance of these pleas. ’’ The only motion that had been made on the defendant’s behalf up to that time was a motion made in February, 1968 to dismiss the indictment for failure to prosecute. Although the motion was made over two years after the indictment and the “ [djefendant made no pre-trial motion, nor were there any adjournments by his request ”, the County Court denied the motion finding that the People showed “ good cause ” for the delay as required by section 668 of the then effective Code of Criminal Procedure. No appeal lies from such an intermediate nonfinal order (see People ex rel. La Belle v. Harriman, 35 A D 2d 13), and the defendant now appeals from the judgment of conviction rendered upon his plea of guilty.
The improper denial of a motion to dismiss the indictment on the grounds that the defendant has not been afforded a speedy trial survives a plea of guilty and may be raised on appeal (People v. Wallace, 26 N Y 2d 371; People v. Henderson, 20 N Y 2d 303, 305; People v. Chirieleison, 3 N Y 2d 170). Here the prosecutor attempted, in effect, to deprive the defendant of his right to appeal the adverse determination of his speedy trial claim, by confronting him with a possibly unfair trial (because so tardy) on the one hand, and, on the other, offering him a reduced plea only if he would relinquish the speedy trial claim.
For a variety of reasons, a prosecutor must not make the right to a speedy trial an item of barter in a plea bargaining situation. As the United States Supreme Court recently pointed out in Barker v. Wingo (407 U. S. 514, 519), “ there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.” (Listing interests.) Deprivation of the right to a speedy trial may affect the fundamental fairness of a trial since one of the purposes of the speedy trial guarantee is to prevent a defendant “ from being ‘ exposed to the hazard of a trial, after so great a lapse of time ’ that ‘ the means of proving his innocence may not be within his reach ’ — as, for instance, by the loss of witnesses or the dulling of memory. ’ ’ (People v. Prosser, 309 N. Y. *315 353, 356.) It is possible that an innocent defendant, faced with a trial that is unfair because unreasonably delayed, may plead guilty to a reduced charge rather than risk such a trial. Because the criminal justice system should scrupulously avoid the possibility that a plea of guilty may be tainted by unfairness (see People v. Flowers, 30 N Y 2d 315), and because prosecutors should not be allowed to submerge speedy trial challenges, and the societal interests they represent, in plea bargains, we hold that a reduced plea conditioned upon a waiver of a speedy trial claim must be vacated. (Cf. People v. White, 32 N Y 2d 393.) And this result follows regardless of the defendant’s success on the underlying speedy trial claim.
Of course, not only is the plea tainted, but the purported waiver of the speedy trial claim is ineffectual. We proceed to consider the merits of the defendant’s contention that his right to a speedy trial was violated.
Section 668 of the Code of Criminal Procedure, in effect at the time of the events herein provided: “ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.” (L. 1881, ch. 442.) In total, there were almost 37 months between Blakley’s indictment in January, 1966 and the beginning of trial on February 4, 1969. The case had been marked ready for trial on November 20,1968, but on November 26, 1968, the defendant changed his attorney, and the new counsel requested an adjournment in order to familiarize himself with the case. The delay between November 20, 1968 and February 4, 1969, therefore, we attribute to the defendant. However, in the 34 months between the January, 1966 indictment and November 20, 1968, the defendant requested no adjournments and his only pretrial motion was the motion to dismiss the indictment in February, 1968. Under the statute, the prosecution must show good cause for this 34-month delay.
The District Attorney ascribes the first two years of this delay (from indictment to the motion to dismiss) to calendar congestion, stating “ 1966 bail cases were not being reached in the normal order until September, 1968.” Any further delay *316 is attributed to the absence of Thaddeus Young, one of the witness-victims. Young entered the Army November 21, 1966, almost one year after the arrest, and remained in the United States until approximately July 11, 1967, when he went to Germany. Thus, despite Young’s entrance into the Army, he remained in the United States for over 18 months after the indictment. At the trial he testified that he had informed the District Attorney’s office of his pending induction in the fall of 1966 by visiting the office of the District Attorney. He further testified that in April, 1967, he spent a 30-day leave in "White Plains and visited the District Attorney’s office to inform of his presence. Subsequent to his arrival in Germany, no attempt was made by the District Attorney to bring Young to Westchester for trial, although the District Attorney’s affidavit states that the Army Unit Commander might co-operate for this purpose if Young did not hold a “ critical ” position.* At trial, Young testified that his service job while in Germany required him to secure rifles and other weapons. Young had told the District Attorney’s office that it could contact him while in the Army, through his brother who lived in White Plains.
While our task is to judge whether such facts constitute 1 ‘ good cause ” for the 34-month delay under the New York rules, we take note of the factors set out by the United States Supreme Court in Barker v. Wingo (407 U. S. 514, 530, supra) for evaluation of speedy trial claims under the more general language of the Sixth Amendment: (1) the length of the delay; (2) the *317 reasons for the delay advanced by the prosecution; (3) the defendant’s assertion of his right to a speedy trial; and (4) the degree of prejudice caused the defendant.
Proceeding in reverse order, we find that the defendant was not greatly prejudiced here. Absence of prejudice, however, while relevant under the Barker rules, has not been a factor to be considered under existing State rules. Of course, it is always open to a defendant to assert that the degree of prejudice he has suffered should outweigh otherwise persuasive reasons for the delay advanced by the prosecution.
As to the assertion of his right to a speedy trial, Blakley, unlike the defendant in Barker, did not acquiesce in the delay and advanced his right to a speedy trial through the motion to dismiss the indictment in February, 1968.
While calendar congestion is entitled to some weight as a reason for delay, both constitutionally and under the statute (see Barker v. Wingo, 407 U. S. 514, 531, supra; People v. Ganci, 27 N Y 2d 418, cert. den. 402 U. S. 924), this reason must be scrutinized carefully since it is perhaps too convenient. Also, calendar congestion must be viewed from the perspective that “ the ultimate responsibility for such circumstances [as overcrowded courts] must rest with the government rather than with the defendant.” (Barker v. Wingo, supra, p. 531.) A missing witness is a valid reason for justifying delay (see Barker v. Wingo, supra; People v. Reynolds, 39 A D 2d 812), but it is doubtful that the absence of the witness Young justifies delay in this case. As already mentioned, Young kept in touch with the District Attorney’s office through periodic visits and informed it that he could be contacted through his brother who resided in White Plains. Though the witness was in the United States for 18 months following’ the indictment, apparently willing, and even anxious, to appear at trial, the District Attorney’s office made no attempt to utilize him during this period: Even after the defendant’s motion to dismiss the indictment, there is no indication that the District Attorney made any further attempt to secure Young’s presence at trial.
In sum, the factors favoring dismissal, the length of the delay and the defendant’s assertion of his speedy trial right, outweigh the reasons excusing the delay advanced by the prosecution. We conclude therefore that good cause for the delay of trial *318 has not been established as was required by section 668 of the Code of Criminal Procedure. Consequently the indictment must be dismissed. (Strunk v. United States, 412 U. S. 434; Barker v. Wingo, 407 U. S. 514, supra; People v. White, 32 N Y 2d 393, 400-401, supra.)
The order appealed from should be reversed and the indictment dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur.
Order reversed, etc.

 The Assistant District Attorney’s affidavit submitted in opposition to the motion to dismiss states: “ Our office was informed, erroneously, that Mr. Young had been sent to Vietnam. Actually, he was assigned to Germany, as your deponent learned on January 26, 1968, from the victim’s brother, Mr. Mercy Young. Naturally, no attempt was made by the People to have Mr. Thaddeus Young returned from Vietnam to testify at a trial because it would have been futile effort. 6 H 6
“ We now have been advised that Mr. Young is to be discharged October 31, 1968. Also, we have ascertained that the U. S. Army might possibly make Thadd[e]us Young ‘ available ’ for trial before then if his Unit Commander in Germany believes he does not hold down a ‘ critical ’ position. However, the entire expense of the round trip would have to be borne by the People and, in view of the fact he is to be discharged this Fall, the People would be reluctant to assume this burden.” If the court thought it advisable, the District Attorney offered to proceed without Mr. Young.