■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMOTHY PALMER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated September 16, 1974, which, upon inspection of the Grand Jury minutes, granted defendant's motion to dismiss the indictment. Order reversed, on the law, and motion to dismiss the indictment denied. The proof before the Grand Jury was sufficient to warrant indictment (CPL 190.65, subd 1). Latham, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE ROSCOE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 5, 1973, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. In our opinion, the 44-month delay between arrest and trial was unreasonable and served to deny defendant his constitutional right to a speedy trial *(Barker v Wingo,* 407 US 514; *People v Blakley,* 34 NY2d 311). Rabin, Acting P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. S. (ANONYMOUS), Appellant.—Appeal by defendant (1) from a judgment of the County Court, Suffolk County, rendered April 5, 1974, adjudicating him a youthful offender, after his plea of guilty of criminal possession of stolen property in the second degree (upon Indictment No. 1180-73), and sentencing him to a reformatory period of imprisonment and (2) as limited by his brief, from another reformatory sentence of the same court, imposed the same day, upon another youthful offender adjudication, after his plea of guilty of possession of weapons and dangerous instruments as a misdemeanor (upon Indictment No. 861-73). Both sentences were ordered to run concurrently. Judgment under Indictment No. 1180-73 affirmed. No opinion. Sentence under Indictment No. 861-73 modified, on the law, by reducing it to the time served. As so modified, sentence affirmed. A reformatory sentence for a misdemeanor cannot exceed one year, because a longer term than one year would be unconstitutional (see *United States ex rel. Sero v Preiser,* 377 F Supp 463). Latham, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICHOLAS SQUITIERI, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County, dated January 9, 1975, as granted defendant's motion to dismiss the indictment. Order reversed insofar as appealed from, on the law, and said motion denied. The proof before the Grand Jury was sufficient to warrant the indictment (CPL 190.65, subd 1). Latham, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.