■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, (Barshay, J.) rendered October 9, 1974, convicting him of manslaughter in the second degree, upon a plea of guilty, and imposing sentence. This appeal brings up for review an order of the same court, (Kern, J.) entered May 28, 1974, which denied defendant's motion to dismiss the indictment for lack of prosecution. Judgment and order reversed, on the law and the facts, motion granted and indictment dismissed. In our opinion, the more than 46-month delay between the filing of the felony complaint in the Criminal Court, charging defendant with a homicide, and the date that the case was set down for trial, was so unreasonable and prejudicial under the circumstances as to deny defendant his constitutional right to a speedy trial. The record on this appeal reveals that a delay of almost 19 months ensued between the filing of the felony complaint in the Criminal Court and the return of the indictment. While the preindictment delay in and of itself may not form the basis for dismissal of the indictment, it must be considered by the court in arriving at a determination as to whether the overall 46-month period was unreasonable, thus prejudicing defendant's right to a speedy trial. A defendant's right to a speedy trial is violated where there is excessive delay between institution of the prosecution, whether by felony information or complaint, detainer warrant or indictment, and the trial *(People v White*, 32 NY2d 393, 397). Adding significance to the preindictment delay is the fact that this case was initially dismissed by a Judge of the Criminal Court for failure to prosecute, some 17 months after defendant was arrested under the felony complaint. During that period, the matter was on the Criminal Court calendar numerous times. All but one of eight adjournments during that period were requested by the prosecutor. Further contributing to the 46-month delay herein is the fact that the defendant was not arrested and arraigned under the indictment until some 18 months after the indictment was returned. The prosecutor seeks to justify this second segment of the over-all delay by stating that it was caused by the actions of the defendant in evading the Central Warrant Squad, which was seeking to arrest him during that 18-month period. According to the People, it was only after "extensive" search of employment records that the Central Warrant Squad found defendant's name amongst a list of employees of the Pepsi Cola Bottling Company, and from there ascertained his present address. Such assertions by the People are clearly belied by the record. The uncontroverted reply affidavit, submitted on behalf of defendant, reveals that shortly after dismissal of the case by the Criminal Court, the apartment building in which defendant and his family lived was destroyed by fire. However, he moved to another apartment in the same general area and his telephone number, which was listed in the Criminal Court papers, remained the same. As to his working for the Pepsi Cola Bottling Company, such fact also appeared in the Criminal Court papers which were in the possession of the District Attorney's office. Furthermore, after the indictment was returned, the District Attorney's office could have contacted defendant's attorney to have defendant surrender for arraignment. However, it failed to do so. Strongly negating any claim that defendant had been evading execution of the bench warrant is the fact that, at the arraignment, cash bail was set at only $500. The People do not controvert the assertion of defendant that, as a result of the delays in prosecution, he no longer was able to ascertain the whereabouts of witnesses who might aid him in his

defense. We therefore conclude that, under the circumstances herein, the more than 36-month delay between defendant's initial arrest under the Criminal Court complaint and his arraignment under the indictment, together with the additional 10-month period between the arraignment and the date the case was set down for trial, effectively deprived the defendant of his right to a speedy trial (cf. *People v White,* 32 NY2d 393, *supra; People v Roscoe,* 48 AD2d 665). Martuscello, Acting P. J., Rabin, Shapiro, Titone and Hawkins, JJ., concur.