OPINION OF THE COURT
Fuchsberg, J.
On this appeal, defendant relies in the main on his contention that he was deprived of a speedy trial. For the reasons which follow, we conclude that, under the circumstances, that claim must be deemed abandoned and the order of the Appellate Division which affirmed the conviction must be upheld.[1]
In the summer of 1972, defendant, Walter Rodriguez, was arrested and charged with various counts of burglary, robbery, *556 grand larceny, assault and possession of a weapon. The case remained untried for more than two years, delays having been occasioned at times by defense requests for postponements and at others under circumstances chargeable to the People.
Crucial here are the litigation events of early fall, 1974. On September 23, defendant moved to dismiss the indictment on the ground that he had been denied his constitutional right to a speedy trial (US Const, 6th Arndt). Ten days later, the defense was granted a six-week adjournment of the trial in order to alleviate conflicts in counsel’s schedule. On October 8, the trial court, construing the motion as one within the compass of both CPL 30.30 and CPL 30.20, ordered a hearing on the extent and reasonableness of the delay.
For reasons undisclosed by the record, no speedy trial hearing was held. When the prearranged trial date, November 18, arrived, defendant neither asked for an opportunity to have such a hearing slated nor reiterated his contention that the delay entitled him to a dismissal. And he in no way indicated that the passage of 40 days since the hearing had been ordered was other than volitional on his part. Instead, the defense indicated without qualification that it was ready to proceed to trial and, in its sole fleeting allusion to the speedy trial problem, informed the court that the case had been advanced beyond several older ones because the order emanating from the speedy trial motion commanded the People to "try it or get a dismissal”.
No more eifective an assertion of the right to a resolution of the speedy trial issue took place the next day, when a Wade identification hearing was scheduled. Indeed, when the court referred to an understanding that, as soon as the reliability of certain identification testimony was resolved, the case would be tried, counsel encouraged that proposed course by agreeing that "[t]here is no reason other than getting [a transcript of the hearing] not to proceed.”
And proceed the trial did, again without mention of the speedy trial issue either before the jury rendered its guilty verdict or by postconviction motion. In fact, it was never heard of again until appeal, whereupon the Appellate Division directed that a fact-finding hearing be held on defendant’s claim. When Trial Term then found that less than six months of the delay was attributable to the People and that, therefore, defendant was not entitled to a dismissal, the Appellate *557 Division affirmed the judgment of conviction. We agree that the conviction must be upheld, but, because of his surrender of his claim of excessive delay, find no occasion to address the merits of defendant’s speedy trial position.
Turning now to the constitutional claim, unlike claims "so fundamentally basic” to our system of jurisprudence as to be exempt from the general doctrine of waiver, we hold that the constitutional right to a speedy trial is one that may be surrendered (compare, e.g., Barker v Wingo, 407 US 514, 525, and People v White, 32 NY2d 393 [speedy trial constitutionally considered], with People v Michael, 48 NY2d 1, 6 [double jeopardy], and Cancemi v People, 18 NY 128 [trial by jury of 12]). However, especially in light of the protected position occupied by even a waivable constitutional right in our hierarchy of values, ordinarily only "an intentional relinquishment or abandonment” will suffice (Johnson v Zerbst, 304 US 458, 464). In such a case, a record that is simply silent on the question will not overcome the "presumption against waiver”, however denominated (Carnley v Cochran, 369 US 506; Pitler, NY Criminal Practice Under CPL, § 1.24).
The record here is far from silent; in fact, it figuratively shouts out the knowing nature of the decision to abandon the speedy trial claim. For one thing, it was defendant alone who characterized the initial order to hold a hearing on the question as presenting an option to the People of going to trial immediately or suffering a dismissal. In essence, the defense apparently preferred to use its right to press for the hearing as leverage with which to compel an immediate trial on the merits. Whether this reflected a cocksure attitude concerning how the case would be decided or, perchance, an undisclosed plan to utilize the speedy trial issue as a fallback position in the event the trial result was adverse, or some other strategy best known to the defendant,[2] in charting this course, he consciously abandoned his quest for a speedy trial dismissal (cf. People v Piazza, 48 NY2d 151, 158). Under such circumstances, courts are loath to second-guess a litigant’s "highly judgmental function” of deciding when and to what end to *558 assert a right or to forego reliance on it (see Salesian Soc. v Village of Ellenville, 41 NY2d 521, 525).
Also noteworthy is the defendant’s express representation to the Wade hearing court that no obstacle beyond the preparation of a hearing transcript stood in the way of swearing in a jury and proceeding as scheduled. In view of the utter failure to reassert the speedy trial right, this act constituted an affirmative election of the alternative of an immediate trial. Since defendant’s awareness of his rights is incontestable — the motion asserting them had been, after all, only recently filed —there can be no other conclusion but that his objection to the tardiness of the prosecution, whether measured by the statutory standards enunciated in CPL 30.30 or the constitutional ones processed under CPL 30.20, had been knowingly and voluntarily abandoned (People v Adams, 38 NY2d 605, 607).[3]
For all these reasons, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur.
Order affirmed.

. We have considered the other points raised by defendant and find them without merit.

. Among the possible motives for such a decision must also be included skepticism as to the merits of the speedy trial claim itself. Even now it is not denied that no more than half the time which elapsed between arrest and trial was attributable to the People. And, in the last few months before trial, the defense occasioned at least two extensive postponements of the proceedings. (See, generally, People v White, 2 NY2d 220, app dsmd 353 US 969; People ex rel. Lewis v McMann, 28 NY2d 496.)

. We do not more precisely delineate the requirements for waiver of a CPL 30.30 claim, since, a fortiori, evidence sufficient to establish the waiver of a constitutional claim will suffice to establish one under CPL 30.30 as well.