Matthew McKENZIE, Petitioner,

v.

Victor HERBERT, Superintendent,
Collins Correctional Facility,
Respondent.

No. CV–95–5286.

United States District Court,
E.D. New York.

July 9, 1997.

Daniel A. Zahn, Holbrook, NY, for Petitioner.

James Cattorson, Suffolk County District Attorney, Riverhead, NY, for Respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Matthew McKenzie ("Petitioner") brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for the alleged violation of his Sixth amendment fight to a speedy trial. Respondent opposes the petition. For the reasons stated below, the petition is denied.

### I. BACKGROUND[1]

Petitioner was arrested on July 29, 1991, along with co-defendant Rickey Washington ("Washington"), for selling cocaine to undercover police officers. Petitioner was indicted on August 9, 1991 and charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. New

---

1. Because this petition is one addressing speedy trial issues, the background focuses mostly upon the events which affected the timing of a trial or trial readiness in this case.

York Supreme Court Record at 8.[2] Bail was set at $50,000. This indictment was dismissed by a New York Supreme Court short form order in November, 1991. *See* SCR at 71. Petitioner alleges that the dismissal was a result of the government's failure to present exculpatory evidence, offered by Washington, to the Grand Jury. The government concedes that it received a handwritten letter from Washington which stated that petitioner was not the man who participated in the drug sale, but rather Vance Williams was the one they were looking for *Id.* at 42. However, no reason was given by the court for the dismissal of the indictment.

During this time period, petitioner's attorney was primarily responsible for the delay in proceeding to trial. Petitioner's attorney failed to attend scheduled conferences three times (SCR at 12, 46, 49), submitted several motions causing the case to fall into motion status (SCR at 17), and twice specifically requested an adjournment (SCR at 6, 15). Further delay during this time was attributable to the status of co-defendant Washington's case since petitioner's severance motion was denied by the court.

Petitioner was again indicted on November 27, 991 for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. *See* SCR at 97. At this time, the exculpatory evidence was presented to the Grand Jury. Bail was set at $75,000 which was later reduced to $50,000. The government announced its readiness for trial on March 12, 1992. *Id.* at 110. Petitioner pleaded guilty to the charges on October 15, 1992 and was sentenced to serve 6½ to 13 years. *Id.* at 527, 550.

This eleven month delay between indictment and conviction was attributable to several factors, none of which supports the petitioner's speedy trial claim. There were three adjournments, totaling forty-one days, which were not explained on the record. *See* SCR at 106, 176, 186. Thirty days were attributable to time allotted for discovery and submittal of motions. *Id.* at 100. Forty-two days were attributable to the unforeseeable illness of the presiding state court judge. *Id.*

at 108. There may have been some delay due to the government's failure to stipulate that the Bill of Particulars from the first indictment would be the same for the second indictment. *Id. at* 141. However, being that the Bill turned out to be exactly the same for both indictments, it is doubtful that this resulted in delay for petitioner's attorney.

Several other delays were caused by problems in Washington's case. Washington refused to plead guilty to the entire indictment since he did not want to implicate petitioner, who he claimed to be the wrong man. Washington also waived his right to a trial by jury, causing a conflict for the judge between the *Sandoval* hearing and the bench trial. See SCR at 113. The judge recused himself and the case was transferred to a new judge, causing more delays. *Id.* Furthermore, Vance Williams was arrested on other charges, causing a conflict for Washington's Legal Aid representation. New counsel was appointed. There was a two month delay in the setting of a trial date, which was agreed upon by both sides. *Id.* at 188.

On August 28, 1992, petitioner finally submitted his statutory speedy trial motion. See SCR at 281. The New York Supreme Court, Justice McInerney, denied the motion, stating that the government was only chargeable with 33 days of the delay. *Id.* at 525. Two days after the motion was denied, petitioner pleaded guilty to both charges. Petitioner agreed to waive his right to appeal both plea and sentence as a condition of entering the plea. *Id.* at 534. The Appellate Division affirmed, without opinion, the denial of petitioner's speedy trial motion. The Court of Appeals denied review.

Petitioner then filed the present habeas corpus petition challenging his conviction on the grounds that his Sixth Amendment right to a speedy trial was violated. Petitioner claims that the government intentionally caused the delay to gain a tactical advantage at trial. See Petitioner's Memorandum of Law, at 14. Petitioner further alleges that his "ability to defend himself has been prejudiced by the fifteen month delay he was forced to endure." *Id.* at 28.

**2.** New York Supreme Court Record hereinafter     referred to as SCR.

## II. DISCUSSION

It is well-settled law that constitutional speedy trial claims may not be waived because "[s]ociety has a recognized interest in speedy trials." *People v. Seaberg,* 74 N.Y.2d 1, 9, 543 N.Y.S.2d 968, 971, 541 N.E.2d 1022, 1025 (1989). Trial delays can result in loss of evidence, increased anxiety to the defendant, and unavailability of witnesses. *Id.; See also People v. Blakley,* 34 N.Y.2d 311, 357 N.Y.S.2d 459, 313 N.E.2d 763 (1974). Petitioner's waiver of his right to appeal, therefore, does not preclude him from bringing this petition for habeas corpus.

A review of the record demonstrates that petitioner was not denied his Sixth amendment right to a speedy trial. In *Barker v. Wingo,* the United States Supreme Court outlined a four-part inquiry to determine whether a defendant's speedy trial right had been violated by prosecutorial delay. 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *See also Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *People v. Taranovich,* 37 N.Y.2d 442, 373 N.Y.S.2d 79, 335 N.E.2d 303 (1975). These four factors include "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192. A balancing of these factors clearly shows that petitioner's claim is without merit.

Ordinarily, an examination of the *Barker* factors is unnecessary unless the length of the delay is presumptively prejudicial. *Id. See also United States v. Vassell,* 970 F.2d 1162, 1164 (2d Cir.1992). There is no precise amount of delay necessary to trigger an inquiry. However, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *See also People v. Johnson,* 38 N.Y.2d 271, 379 N.Y.S.2d 735, 342 N.E.2d 525 (1975). This court need not decide whether petitioner's fifteen month delay between arrest and plea is "presumptively prejudicial" since the remaining *Barker* factors do not support petitioner's claim.

Of all the factors, the reason for the delay weighs most heavily against petitioner. A significant amount of the delay is attributable to actions taken by petitioner's attorney. Petitioner's attorney not only requested several adjournments, but also failed to attend numerous scheduled conferences. Petitioner's attorney also filed several motions causing further delay.

There are several other reasons for the delay which are not attributable to either the government or the petitioner, but rather qualify as exceptional circumstances. These include the necessary two month adjournment of the case due to the presiding judge's unexpected illness, and the delay caused by the recusal of the judge due to a conflict between the *Sandoval* hearing and bench trial of Washington.

Any delay that is attributable to the government is minimal. The only substantial delay that could be charged to the government was its failure to stipulate the Bill of Particulars for the second indictment, The Bill was, however, exactly the same as the Bill of Particulars for the first indictment. Therefore, the government's failure to stipulate did not have a serious impact on the petitioner's trial readiness and cannot be cited as contributing to petitioner's own delay.

Petitioner's failure to assert his right to a speedy trial also weighs against him. The record clearly indicates that petitioner did not assert his speedy trial claim until August 28, 1992, a full thirteen months after his arrest, thirteen months of pre-trial incarceration. Furthermore, petitioner barely kept the issue preserved for appeal when he waived all rights to appeal his plea and sentence.

The fourth *Barker* factor, prejudice to the defendant, also does not avail petitioner. Petitioner contends that he was unable to assist in the preparation of his defense due to his pre-trial incarceration and inability to post bail. See Petitioner's Memorandum of Law, at 28. Petitioner also alleges that witnesses, who were difficult to identify because their street and real names differed, were unable to be located. *Id.* However, petitioner does not make clear how a speedy trial would have remedied these difficulties. While this court is mindful of the fact that it is difficult for a petitioner to establish prejudice due to delay,

**4**

*Barker,* 407 U.S. at 532, 92 S.Ct. at 2193, the fact that a substantial portion of the delay was directly attributable to the petitioner's actions, that petitioner did not assert speedy trial issues until thirteen months after his incarceration, and that petitioner has not articulated any specific prejudice resulting from the "delay," persuades this court that there has been no Sixth Amendment violation Accordingly, the petition is denied. The Clerk of the Court is directed to close the case in this matter.

SO ORDERED.