■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARMATULLO, Also Known as MICHAEL BONANO, Appellant. [759 NYS2d 877] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered September 6, 2001, convicting defendant, after a nonjury trial, of attempted assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

To the extent the existing record permits review, we conclude that assigned counsel provided effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]). Defendant did not make an unequivocal request to represent himself (*see People v McIntyre*, 36 NY2d 10 [1974]) or establish good cause for appointment of new counsel (*see People v Sides*, 75 NY2d 822 [1990]). Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MACK, Appellant. [759 NYS2d 878] —Judgment, Supreme Court, Bronx County (Troy Webber, J.), rendered June 1, 2000, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's claim that he was denied his constitutional right to a speedy trial is unpreserved (*see People v Jordan*, 62 NY2d 825 [1984]; *see also People v Rowe*, 244 AD2d 295 [1997], *lv denied* 91 NY2d 930 [1998]), and we decline to review it in the interest of justice. Furthermore, defendant has not provided the minutes of all the adjournments that are relevant to this claim (*see People v Olivo*, 52 NY2d 309, 320 [1981]). Were we to review this claim, we would find no constitutional violation (*see People v Taranovich*, 37 NY2d 442 [1975]). Substantial portions of the delay were caused by defendant's extensive motion practice and his failure to appear in court, necessitating the issuance of a bench warrant, and there was no showing of prejudice. Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.