■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW FLEMMING, Appellant. [811 NYS2d 35]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered September 15, 2003, convicting defendant, upon his plea of guilty, of grand larceny in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion to withdraw his plea (*see People v Fiumefreddo*, 82 NY2d 536 [1993]; *People v Frederick*, 45 NY2d 520 [1978]). Defendant asserted that the People induced his plea by means of alleged threats or promises concerning the possible prosecution of his wife. However, the court properly rejected that assertion, based upon the extensive information before it, including submissions by defendant, defense counsel and the prosecutor, as well as the detailed plea allocution and the court's familiarity with the case. Moreover, defendant made the same assertions in a CPL article 440 motion, which the trial court denied, finding these claims to be factually meritless, and this Court denied leave to appeal.

By pleading guilty before his constitutional speedy trial motion was decided, defendant foreclosed the possibility of review (*People v Tatis-Duran*, 300 AD2d 84 [2002]). Furthermore, this claim is unreviewable for the additional reason that defendant has not provided the minutes of any of the adjournments that are relevant to this claim (*People v Mack*, 306 AD2d 115 [2003], *lv denied* 100 NY2d 622 [2003]). To the extent that the present record permits review, defendant has not established a violation of his constitutional right to a speedy trial (*see People v Taranovich*, 37 NY2d 442, 445 [1975]).

We perceive no basis for reducing the sentence.

We have reviewed the arguments in defendant's pro se supplemental brief and find them unavailing. Concur—Buckley, P.J., Marlow, Sullivan, Catterson and McGuire, JJ.