People v Ketchmore (2020 NY Slip Op 02826)





People v Ketchmore


2020 NY Slip Op 02826


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

109995 

[*1]The People of the State of New York, Respondent,
v
Aaron Ketchmore, Also Known as Ace, Appellant.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Donnial K. Hinds, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 15, 2017, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
Defendant was charged in two indictments — filed in October 2015 and August 2016 — with offenses arising from conduct that occurred in June 2015. In October 2016, the People moved to consolidate the indictments for trial and to amend the 2016 indictment to reflect that the charged crimes occurred in June 2015 and not, as originally stated, June 2016. County Court granted both motions. Defendant contemporaneously moved to dismiss the 2016 indictment on constitutional speedy trial grounds, prompting County Court to direct a Singer hearing (see People v Singer, 44 NY2d 241, 255 [1978]).
As the Singer hearing and other hearings were about to get underway, defendant considered a plea offer from the People and ultimately reached a plea agreement after negotiations on the record. Defendant waived the scheduled hearings, purportedly waived his right to appeal and pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree in satisfaction of the consolidated indictments and other charged and uncharged crimes. In accordance with the terms of the agreement, County Court sentenced defendant, a second felony offender, to concurrent terms that amounted to five years in prison and postrelease supervision of five years. Defendant appeals, and we affirm.
Defendant puts forth a constitutional speedy trial argument that survives a guilty plea and appeal waiver (see People v Callahan, 80 NY2d 273, 282 [1992]; People v Shufelt, 161 AD3d 1451, 1451-1452 [2018], lv denied 32 NY3d 1008 [2018]; People v Gardiner, 159 AD3d 1234 [2018], lv denied 31 NY3d 1082 [2018]). Nevertheless, the record reflects that the plea agreement was the product of extensive negotiation between the parties — both before and on the hearing date — and that defense counsel waived the Singer hearing and other hearings after acknowledging that it made "no sense" to conduct them with the agreement in hand. The matter proceeded to a plea colloquy the same day where defendant, far from expressing any doubt about that decision, confirmed that he was giving up any right to the hearings. It is therefore evident that, even assuming that the speedy trial issue itself was not waived, defendant "knowingly and voluntarily abandoned" the right to a hearing on the issue (People v Rodriguez, 50 NY2d 553, 558 [1980]).[FN1] By waiving the hearing scheduled to assess whether "[a]n unjustifiable delay in commencing the prosecution" had occurred (People v Lesiuk, 81 NY2d 485, 490 [1993]; see People v Singer, 44 NY2d at 253-254), "defendant precluded the development of a factual record sufficient to establish any merit to his claims" (People v Gooden, 151 AD2d 773, 774 [1989]; see People v Grays, 179 AD3d 1149, 1150 [2020]; People v Berezansky, 229 AD2d 768, 772 [1996], lv denied 89 NY2d 919 [1996]). We will not remit for a hearing that defendant voluntarily waived (compare People v Wright, 119 AD3d 972, 974 [2014]) and, to the extent that the underlying speedy trial issue remains viable, applying the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]) to the record leaves us satisfied that the delay in handing up the 2016 indictment did not violate defendant's constitutional right to a speedy trial (see People v Johnson, 134 AD3d 1388, 1389-1390 [2015], affd 28 NY3d 1048 [2016]; People v Laboy-Vega, 78 AD3d 1422, 1422-1423 [2010], lv denied 16 NY3d 832 [2011]).
Defendant's contention that the 2015 indictment was facially defective relates to waivable, nonjurisdictional defects in the time and place of the charged crimes and is therefore foreclosed by his guilty plea and unchallenged appeal waiver (see People v Salmon, 179 AD3d 1404, 1405 [2020]; People v Slingerland, 101 AD3d 1265, 1265-1266 [2012], lv denied 20 NY3d 1104 [2013]). Finally, defendant's guilty plea and appeal waiver also foreclose his argument that County Court erred in amending the 2016 indictment to correct a nonjurisdictional error (see People v Guerrero, 28 NY3d 110, 117 [2016]; People v McKinney, 122 AD3d 1083, 1083 [2014], lv denied 25 NY3d 1167 [2015]; People v Stokely, 49 AD3d 966, 968 [2008]).
Clark, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant does not argue on appeal that his guilty plea was involuntary due to an improper demand by the People that he waive his pending speedy trial motion as a component of the plea agreement (see e.g. People v Blakley, 34 NY2d 311, 313-315 [1974]; People v Wright, 119 AD3d 972, 973-974 [2014]). In any event, the People stated that their offer would be withdrawn upon commencement of the hearings because extensive discussions about a plea agreement had already occurred and County Court was unwilling to adjourn the scheduled hearings for more consideration. The final plea agreement was then negotiated on the record, after which defendant waived his right to the hearings. These circumstances reflect no prosecutorial overreach, but rather a defendant who secured an acceptable plea arrangement and had "no apparent interest in assuring judicial resolution of his constitutional speedy trial claim" (People v Alexander, 19 NY3d 203, 219 [2012]; see People v Rodriguez, 50 NY2d at 557-558).