STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth James SMITH, Defendant-Appellant.

Court of Appeals

*No. 95–2352–CR. Submitted on briefs November 13, 1995.—Decided December 5, 1995.*

(Also reported in 543 N.W.2d 512.)

For the defendant-appellant the cause was submitted on the briefs of *Jane Krueger Smith* of Oconto Falls.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *Thomas J. Balistreri*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Kenneth James Smith appeals an order that denied his request to dismiss the criminal information and complaint filed against him as a result of a conflict of interest involving the district attorney.[1] Smith argues that because the district attorney failed to disqualify himself upon discovering the conflict of interest, all proceedings prior to the date of his ultimate voluntary disqualification are void. Because Smith has not alleged that he was prejudiced by the proceedings controlled by the prosecutor from the time of his discovery of a conflict to the date of his disqualification, we affirm the trial court's order.

The Marinette County District Attorney's office filed a criminal complaint charging Smith with several

---

[1] We granted leave to appeal this nonfinal order on September 14, 1995.

drug offenses. A few days following the issuance of this criminal complaint the district attorney was informed that the informant who allegedly purchased drugs from Smith also claimed that he purchased drugs from the district attorney's brother. Even though the district attorney discovered that a critical witness in the case against Smith was also a witness against his brother for a similar offense, the district attorney's office continued Smith's prosecution by appearing at the initial appearance, conducting the preliminary hearing and filing the information. The district attorney subsequently petitioned for the appointment of a special prosecutor based upon the conflict of interest and the press of business. The trial court granted the petition.

Smith then moved to dismiss the complaint and information based upon his assertion that the district attorney continued to be involved in the case after he discovered the conflict of interest. Smith contended that the conflict was sufficient to void the entire criminal proceeding and that if the State wished to proceed against him it would have to start with the first step of the criminal prosecution. The trial court denied the motion concluding that Smith had not been prejudiced and therefore the error was harmless.

The issue on this appeal is whether the proceedings conducted after the district attorney learned of the conflict and prior to his voluntary disqualification are void without a showing of prejudice. Because this issue involves the application of law to undisputed facts, our review is independent of the trial court. *State v. Hagaman*, 133 Wis. 2d 381, 385, 395 N.W.2d 617, 618 (Ct. App. 1986).

Smith argues that the proceedings are void without a showing of any specific prejudice to Smith. We

disagree. We conclude that, in the absence of a prima facie showing of prejudice, the district attorney's failure to disqualify himself upon learning of the conflict is harmless error.

■

There are situations in which the law recognizes that a conflict of interest is so substantial that fundamental rights would be affected even though no specific allegation of prejudice is made. The first of these situations involves a defendant who was represented by an attorney who had a conflict of interest. Prejudice is presumed when an attorney's loyalty to his client is compromised by a conflict of interest because representation by an attorney not fully committed to protect his client's best interests is a denial of a defendant's fundamental right to effective assistance of counsel. *State v. Foster*, 152 Wis. 2d 386, 392-93, 448 N.W.2d 298, 301 (Ct. App. 1989).

Such reasoning, however, does not apply in this case. First, we note that it appears the decision to file a criminal complaint was made prior to the district attorney's discovery of a conflict. His prosecution of an already filed complaint including the issuance of an information in conformity with the evidence adduced at the preliminary hearing does not present a substantial risk that fundamental rights of the defendant will be compromised. The district attorney's conflict of interest does not affect Smith's right to the effective assistance of counsel and does not otherwise present an infringement on Smith's fundamental rights that prejudice should be presumed.

■

The second area where courts have presumed prejudice is when an attorney who has an obvious conflict of interest is selected to prosecute the very case in

which he is known to have a conflict of interest. For example, when an attorney who at some point represented the defendant as counsel becomes the prosecutor in the same proceedings, no showing of prejudice is necessary because the conflict of interest is of such a nature as to taint the fairness of the entire proceeding. *United States v. Schell*, 775 F.2d 559, 566 (4th Cir. 1985).

In this case, however, the nature of the conflict was far less fundamental and fails to suggest that Smith's fundamental rights have been compromised as a result of the existence of the conflict. In *Schell*, the district attorney had an attorney-client relationship with the defendant and thus had knowledge that he could use against the defendant. That is not the situation here. Further, the decision to file the complaint was made prior to the existence of the conflict and the steps taken by the district attorney after discovering the conflict were consistent with the charging decision already made.

The conflict in this case involves a situation where the same informant who claimed to purchase drugs from Smith also said he purchased drugs from the district attorney's brother. There is no evidence in the record that the district attorney did anything inappropriate after discovering the conflict. Both sides, however, concede that a conflict existed and that the district attorney's disqualification was necessary. If the district attorney had a personal interest in preventing his brother from being convicted of a crime, the conflict would only produce an incentive to discredit the informant. Smith would not have been harmed had the district attorney improperly attempted to discredit his principal witness and thus no fundamental right is implicated. The district attorney's reliance on the

informant in these steps of the proceedings is not the product of the conflict and is not influenced by the district attorney's natural feelings of loyalty to assist his brother to escape similar criminal charges. Further, a disinterested special prosecutor has been assigned to the case prior to the trial and has the authority to dismiss the case if appropriate.

We find no authority to suggest that in the absence of a prima facie showing of prejudice those steps taken by the district attorney after learning of a conflict to the date of his disqualification must be invalidated. In fact, courts that have dealt with this type of issue have generally required some showing of prejudice before invalidating prior proceedings. *See United States v. Heldt*, 668 F.2d 1238, 1276-77 (D.C. Cir. 1981). In *Heldt*, the court required the defendants to prove actual prejudice when the defendants appealed their convictions because of prosecutors' conflict of interest. The court stated: "We must reconcile the governmental interests in conserving judicial and prosecutorial resources and in preserving the appearance of impartiality with the interest of the defendant in receiving fair and evenhanded treatment from his accusers." *Id.* at 1277 (footnote omitted).

The governmental interests are not as compelling in this case because this is a pretrial appeal. Nonetheless, because Smith is requesting that prior proceedings be invalidated, the same considerations apply. We conclude that the costs and delay of repeating the same steps are unwarranted unless there is a danger that the defendant's rights have been compromised. Because Smith does not contend that he has been prejudiced, there is no reason to invalidate the prior proceedings. *See* § 805.18, STATS. We will not pre-

sume prejudice in a fact situation where prejudice is unlikely to exist or where the fundamental rights of a defendant are unlikely to have been affected by the conflict of interest.

■

We caution, however, that the existence of a conflict of interest may create prejudice that would necessitate invalidating the entire proceedings. If Smith had made a prima facie showing that the charging decision was in some way influenced by the existence of a conflict of interest or that plea negotiations were distorted because of the conflict, it would be incumbent upon the State to prove beyond a reasonable doubt that the conflict did not affect the proceedings. *See State v. Eison*, 194 Wis. 2d 160, 178, 533 N.W.2d 738, 745 (1995); *State v. Britton*, 203 S.E.2d 462, 467 (W. Va. 1974). In this case, Smith does not allege any prejudice and made no prima facie showing that the conflict in any way affected his criminal prosecution. We therefore conclude that the trial court properly denied the motion to dismiss.

*By the Court.*—Order affirmed.