STATE of Wisconsin, Plaintiff-Respondent,

v.

Jody L. STEHLE, Defendant-Appellant.†

Court of Appeals

*No. 97–1160–CR. Submitted on briefs January 8, 1998.—Decided February 4, 1998.*

(Also reported in 577 N.W.2d 29.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Casey P. Schneider* of *Schneider Law Office* of Oshkosh.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *James M. Freimuth*, assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J. Jody L. Stehle appeals from judgments of conviction in which he pled no contest to nine counts of party to the crime of burglary in violation of §§ 939.05 and 943.10(1)(a), STATS., and one count of party to the crime of attempted burglary in violation of §§ 939.05, 939.32 and 943.10(1)(a), STATS., and an order denying his motion for postconviction relief. Stehle maintains that the assistant district attorney's prosecution of Stehle's burglary case in which one count involved the burglary of the home of the assistant district attorney's ex-wife and their adult daughter constituted a conflict of interest requiring the assistant district attorney to withdraw from the case. Because the assistant district attorney immediately revealed the potential conflict of interest to both Stehle

and his attorneys prior to his no contest plea, we conclude that once Stehle pled no contest he waived review of a potential conflict of interest claim. We affirm.

In July 1995, Stehle was charged with multiple counts of party to the crime of burglary, one count of party to the crime of attempted burglary and one count of party to the crime of theft of a firearm stemming from the burglaries of various residences in Fond du Lac county between May 17, and July 6, 1995. In a letter dated August 11, 1995, the assistant district attorney notified Stehle by his attorney that

> one of the homes that was burglarized belongs to Robert and Linda Krebsbach. Linda is my former wife (we were divorced in 1980). My twenty-one year old daughter spends time during summers and college vacations at both Linda's house and at my house. Although I do not feel any conflict of interest exists as a result of this relationship, I want you to be aware of it. She would not be a witness.

Pursuant to a plea agreement, Stehle pled no contest to nine of the counts of party to the crime of burglary;[1] both parties agreed to delay sentencing in the cases until after completion of Dennis Kivioja's cases, Stehle's accomplice in the burglaries; the State agreed to recommend sentences resulting in a total of

---

[1] Under the plea agreement, Stehle actually pled no contest to "ten of the burglaries pending against him in Fond du Lac County Case No. 95-CF–239 and Winnebago County Case No. 95-CF–281, and to count three in Fond du Lac County Case No. 95-CM–107, and count one in Fond du Lac County Case No. 95-CM–523; all other counts in those four cases [were] dismissed and read into the record for restitution and sentencing purposes." Stehle only appeals from the judgments of conviction in Fond du Lac County Case No. 95-CF–239.

no more than twenty years in prison plus ten years of consecutive probation with restitution for the victims of all the convictions and "read ins"; Stehle agreed to give complete and truthful information relating to Kivioja's cases; and Stehle indicated his understanding that the sentencing court could disregard the State's recommendations and sentence him to the maximum penalty of more than 100 years in prison and over $100,000 in fines. The trial court accepted Stehle's no contest pleas and convicted him based on its colloquy with Stehle and on Stehle's acknowledgments in a plea questionnaire and waiver of rights form. The remaining charges were dismissed but were still available as "read ins" for sentencing.

Stehle's sentencing was delayed due to a series of adjournments in Kivioja's cases. In July 1996, Stehle filed a postconviction motion for a sentencing date or, "in the alternative, to require the assistant district attorney to withdraw as the prosecutor in this action and allow the defendant Huber privileges while he awaits sentencing." At the hearing, the State agreed to set a sentencing date because of the uncertainty in Kivioja's trial. On September 10, 1996, Stehle was sentenced to four consecutive five-year prison terms on four counts of burglary. On the remaining burglary convictions, sentence was withheld and the court imposed a consecutive ten-year term of probation.

In February 1997, Stehle filed a RULE 809.30(2), STATS., postconviction motion seeking to withdraw his no contest pleas. An evidentiary hearing was held on March 31, 1997. The trial court noted that once the assistant district attorney discovered that his former wife and their adult child lived in one of the houses that was burglarized, he made this known to both of Stehle's trial counsel. Based on the testimony, the

court found that "Stehle was made aware of that fact and told [his second counsel] that . . . [he] did not object to [the assistant district attorney] remaining on the case." In fact, the court noted that no objection was made to it. The court concluded that the postconviction motion "had nothing whatsoever to do with the fact there was a conflict of interest, but it appeared merely as some type of ploy on the part of [Stehle] to have his case brought before the Court and [the] sentence ultimately agreed to." Stehle's motion was denied; he now appeals.

Stehle seeks to withdraw his no contest pleas on the basis that the assistant district attorney involved in his case had conflicting duties to the State and to his family which interfered with his exercise of professional judgment. Based on this conflict, Stehle maintains that the assistant district attorney was required to withdraw from his case and to ask the court to appoint a special prosecutor.

The State contends that Stehle waived review of his conflict of interest claim. We agree. The judgments of conviction were based upon Stehle's no contest pleas and were entered as part of a plea agreement in which numerous other charges were dismissed. It is well established that a no contest plea, voluntarily and understandingly made, constitutes a waiver of all non-jurisdictional defects and defenses. *See State v. Bangert*, 131 Wis. 2d 246, 293, 389 N.W.2d 12, 34 (1986). As the State points out, a claim that a prosecutor should be disqualified for a conflict of interest does not implicate a trial court's jurisdiction and is waived by a plea of no contest. *See, e.g., People v. Reiblein*, 613 N.Y.S.2d 789, 790 (N.Y. Sup. Ct. 1994) (a motion to disqualify a district attorney and appoint a special

prosecutor is a nonjurisdictional claim that is waived by a guilty plea).

Moreover, courts generally require a prima facie showing of prejudice before invalidating prior proceedings based on a conflict of interest. *See State v. Smith*, 198 Wis. 2d 584, 590, 543 N.W.2d 512, 514 (Ct. App. 1995). There are, however, situations in which the law recognizes that a conflict of interest is so substantial that fundamental rights would be affected even though no specific allegation of prejudice is made. *See id.* at 588, 543 N.W.2d at 513–14. Prejudice is presumed when a defendant is represented by an attorney whose loyalty to his or her client is compromised by a conflict of interest or when an attorney who has an obvious conflict of interest is selected to prosecute a case in which he or she is known to have a conflict of interest. *See id.* at 588–89, 543 N.W.2d at 514. In addition, if Stehle could make a prima facie showing that the charging decision was in some way influenced by the existence of a conflict of interest or that plea negotiations were distorted because of the conflict, then the State would be required to prove beyond a reasonable doubt that the conflict did not affect the proceedings. *See id.* at 591, 543 N.W.2d at 515.

These situations are not present in this case. First, the assistant district attorney did not have an attorney-client relationship with Stehle which could provide him with inside knowledge to use against Stehle. In addition, the decision to file the complaint was made prior to the assistant district attorney's discovery of the potential conflict, and once discovered, the assistant district attorney candidly revealed his relationship with one of the victims of Stehle's crimes to Stehle and his attorneys. Further, Stehle has not made a prima facie showing or even alleged that the purported con-

flict in any way affected his criminal prosecution. In fact, in Stehle's affidavit filed with his July 1996 postconviction motion, he admits that prior to his plea he did not feel that the assistant district attorney had a conflict of interest. The assistant district attorney's alleged conflict of interest did not affect Stehle's right to effective assistance of counsel and does not otherwise demonstrate an infringement on Stehle's fundamental rights such that prejudice should be presumed.

Stehle's focus on the continued postponement of his sentencing as evidence of the assistant district attorney's prejudice towards him is unwarranted as well. Stehle now chooses to ignore the terms of the plea negotiations that he agreed to. Under the plea agreement, both parties sought to delay sentencing until after completion of Kivioja's cases. Kivioja was successful in delaying any resolution of his cases resulting in a delay in Stehle's cases as well.

In addition, the plea agreement provided that if Stehle complied with all the terms of the agreement, the State would agree to recommend sentences resulting in a total of no more than twenty years in prison plus ten years of consecutive probation. This is precisely the sentence that Stehle received. We will not presume prejudice in a fact situation where prejudice is unlikely to exist. *See id.* at 590–91, 543 N.W.2d at 515. We conclude that the trial court properly denied Stehle's postconviction motion.

*By the Court.*—Judgments and order affirmed.